In The U.S. District Court, Middle District
Of Davidson County, Nashville, Tennessee

RECEIVED
in Clerk's Office
MAR 01 2022

**03-22 0149**

Michael Bailey,
Petitioner,

Vs.

Tony Mays, Warden
Respondent,

Case No. # W2019-02152

Case No. # 09-02887 Count 1 and 2,
# 09-02888, # 09-02889, # 09-02890,
# 09-02891, # 09-02892,
# 09-02893 Count 1 and 2

---

Petition For Relief From a Conviction and Sentence
Under 28 U.S.C. § 2254 For Writ of Habeas Corpus
By a Person In State Custody: Nunc-Pro-Tunc "Now For Then"

---

Comes Now The Petitioner, Michael Bailey # 221117, Pro se,
In Personam, an State Inmate, and Would
Respectfully ask This Honorable Court to Grant his
Petition For Relief From a Conviction and Sentence
Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By
a Person In State Custody, and The Petitioner Is also
Using The Phrase "Nunc-Pro-Tunc meaning "Now For
Then" Bringing any Issue From The Beginning of his
Incarcerating Until Now.

(1)

## Grounds

1) Pursuant to T.C.A. 29-21-101, Any Person Imprisoned OR Restraint of Liberty under any Pretense Whatsoever May Prosecute an Writ of Habeas Corpus to Inquire Into the Cause of Such Imprisonment and Restraint.

2) T.C.A. 29-21-103, Authority, The Writ may be granted by any Judge of the Circuit OR Criminal Court, or by any Chancellor In Cases of Equitable Cognizance.

## Petition

1. Name and Location of Court that Entered Judgment:
   Shelby County Justice Center, 201 Poplar Ave. Memphis, Tenn. 38103.

2. Date of Judgment of Conviction. 10-3-14.

3. The Crimes I Was Convicted on Was Aggr. Robbery and Aggr. Assault. Case No. " 09-02887 Count 1, Aggr. Robbery, Count 2, Aggr. Assault, " 09-02898, 89, 90, 91, 92, 93, Count 1 and 2 Were Aggr. Robbery.

4. I Plead Guilty to Case No. " 09-02887 Count 1 and 2, 89, 90, 91, 92, 93 - Count 1 and 2, And I Plead Not Guilty To Case No. " 09-02888.

5. The Appeal Courts In Jackson, TN. Denied my Appeal and The Supreme Court Denied The Petitioners Application For Permission to Appeal on 5-9-16.

6. On 10-2-15 The Petitioner Filed a Pro se Petition For Post Conviction Relief. Petitioner amended his Petition and The Ground Raised In The Petition was my Trial Counsel was ineffective For Failing to adequately Investigate The Case. The Petitioner alleged that his Guilty Pleas were unknowing and Involuntary made because They were Coerced by Trial Counsel. and In The Petitioner Supplemental Petitions, The Petitioners alleged That Trial Counsel Coerced him Into Pleading Guilty by Telling Petitioner she Could not win at trial and Leading him to believe That his Guilty Pleas would Result in The Original Thirty (30) yrs Sentence Rather than the Consecutive Life without Parole sentenced he Received.

7. On 7-1-19 The Petitioner had his Evidentiary hearing and The Petitioner Raised The Same Issues but his Post Conviction was Denied on 11-4-19

C 3

8, ON 9-13-21 The Appeal Court Denied The Petitioner Tenn. R. App. P. 3 Appeal as of Right.

9. ON 2-10-21 The Tenn. Supreme Court Denied The Petitioner TRAP 11.

10. Petitioner Did Filed a Writ of Habeas Corpus on Illegal and Void Sentence and Conviction In State Court In Davidson County, Nashville, Tenn., on 3-30-21, and The Petition Was Denied on 8-30-21 FoR Failure To Raise a Claim upon Which Relief can be granted.

11, ON 11-29-21 The Petitioner Filed an Appeal To The U.S. District Court, Middle District, In Davidson County, Nashville, Tenn, The Decision and order For an Order For An Writ of Habeas Corpus From The State Court on The Illegal and Void Sentence and Conviction But The District Court Return my Petition-Documents to The Petitioner Saying I have No Case Pending Before Their Court and are Insufficient to initiate a new federal Civil Action, Then The Courts Said This Does Not mean That my Requests has been Denied OR has been

Dismissed, and now The Petitioner has Filed an petition under 28 U.S.C. 2254 For Writ of Habeas Corpus By a Person In State Custody.

12, The Petitioner Wants to Raise This Grounds again For Relief In This Petition on T.C.A 40-35-203(e) on Imposition of Sentence About his Indictment In The Above Case Numbers and offense In This Petition.

13, T.C.A. 40-35-203(e) Imposition of Sentence say If The Criminal offense For which The Defendant Is Charge Carries an Enhanced Punishment For a Second or Subsequent Violation of The Same offense, The Indictment in a Seperate Court shall specify and Charge That Fact. See Exhibit (A)

14, In Warden v. State, held That Indictment Charging that Defendants Possessed Liquor and That offense Was a Second or Subsequent Violation of the Statute and Such constituted a Felony Was Defective For Failure to allege Fact of Conviction of Prior Conviction, An Indictment Failing In These Requisites Is Invalid and a Conviction Is Void, See Exhibit (B)

15. In State v. Sanders, Where Indictment did Not allege that Defendant had been Previously Convicted of driving while under the Influence, he could not be sentenced as a Recidivist, and Notices of Enhanced Punishment Filed by The District Attorney General were Nullities, See Exhibit (C).

16. Petitioner Will show That In his Indictment For Case No.# 09-02887 count 1 and 2 Thru #09-0289 3 count 1 and 2, That The District Attorney Failed To Put In The Petitioner Indictments That The Petitioner have had Two (2) Prior Convictions of the Same offenses of Aggr. Robbery Convictions as mandated by Statute. T.C.A. 40-35-203(e) T.C.A. 40-35-202. See Exhibit (D)

17. Petitioner Will show that he Does have Two (2) Prior Convictions of Aggr. Robbery Convictions of 12yrs, 15yrs, and 30yrs but The 30yrs was Reduced to 15yrs, and That The District Attorney Should have Put the Petitioner Two (2) Prior Convictions of Aggr. Robbery

Into his Indictments, But Since The District Attorney failed to do so, The Petitioner Sentence of "Life Without Parole" Is Illegal and Void, see Exhibit (E).

18. Petitioner Will show That when he sign for his Illegal Guilty Plea on Case No. "09-02887 Thru "09-02893 on 1-25-10 That The Petitioner Judgment Sheets says under offender status was "Career offender", see Exhibit (F-1), and when The Petitioner did his Writ of Habeas Corpus on The Illegal Sentence and when The Writ was Granted, and when The Petitioner Refused to accept The State offer of 30yrs at 100% Percent because the Law has changed In 2008 Saying any Sentence you Received had to be at 100% Percent If an Defendant have a Prior Convictions of Aggr. Robbery, So when I Did Not accept the State offer of 30yrs at 100% Percent that when The District Attorney Raised The Petitioner offender status From 'Career" to "Repeat Violent offender" Status and Seek Life Without Parole. See Exhibit (F-2).

19, ON 4-9-09 When The Petitioner was Indicted FoR Aggr. Robbery By The Grand Jury that he should have been a "Repeat Violent offender and Not a Career offender, But Since The District Attorney Failed to Informed The Grand Jury That the Petitioner have had Two(2) Prior Convictions of Aggr. Robbery and Since The District Attorney Did Not Put My Two(2) Prior Convictions of Aggr. Robbery In My Indictments as Mandated by Statute and T.C.A. 40-35-203(e) Imposition of Sentence, That The Petitioner should have been Sentenced as a Range(1) offender and Not as a Range(3) offender Making his Sentence and Convictions Illegal and Void.

20. When The Petitioner Filed his Writ of Habeas Corpus In State Court on his Illegal and Void Sentence and Conviction ON 3-30-21, The Petitioner never Mentioned That his Sentence has Expired, The Petitioner Arguments Was That The District Attorney never Put Into his Indictments that he has Two(2) Prior Convictions of The Same offenses of Aggr. Robbery as mandated by Statute and T.C.A. 40-35-203(e) Imposition of

Sentence, and Since The District Attorney have Failed To do So that The Petitioner Should have been Sentence as a Range (1) offender and Not as an Range (3) offender.

21, Then The Courts Said on Page (2) of Their Order that The offenses of The Petitioner was Convicted are Not Within the Category of offenses For Which T.C.A. 40-35-203(e) Would be Applicable, The Petitioner Rebuttal Arguments Is That T.C.A. 40-35-203(e) was giving an Example of a offense Like The Driving Under The Influence, But the Statute Is Talking About any offenses that the District Attorney have to Put Into Your Indictment If The Defendant have Two(2) Prior Convictions of The Same offenses,

22, Then The Court Said additionally that the appropriate Time to Challenge The Legality of an Indictment is before The beginning of Trial, The Petitioner Arguments Is that The Petitioner Can Do an Writ of Habeas Corpus OR Even a Petition on a 36.1 on Illegal Sentence. Tenn. Rules of Criminal Procedure and There Is No Statute of Limitations to Correct an Illegal Sentence When the

Petitioner Can Demonstrate That The Sentence and Conviction Is Void and Not Merely Voidable.

23. Section 40-35-203(e) Does Not Create a Seperate Substantive Offense but Rather Constitutes a Sentence Enhancement Provisions, Nevertheless, Defendants enjoy Certain Constitutional Protections at a hearing to Determine Whether a Sentencing Enhancement Based on Prior Convictions has been Proven. Op. Atty, Gen, No. 92-36, 4-27-1992.

24. Petitioner Again Will Prove that he Does have Two(2) Prior Convictions of Aggr, Robbery Convictions And that The District Attorney Should have Put The Petitioner Two (2) Prior Convictions of Aggr. Robbery Into his Indictments to Seek Enhancement Factors as mandated by statute and T.C.A. 40-35-203(e), But since The District Attorney has Failed to do so, The Petitioner Sentence of "Life Without Parole" and his Offender Status "Repeat Violent Offender" Is Illegal and Void,

25. And The Petitioner Will Finally add That The Petitioner Is Using The Phrase "Nunc-Pro-Tunc" Meaning "Now For Then" To Contest The Indictments In This Petition because The State Courts Says The Appropriate Time to Challenge The Legality of an Indictment is before The Commencement of Trial, And Now The Petitioner Is Using The Phrase "Nunc-Pro-Tunc" To Challenge The Indictments Now In This Petition under 28 U.S.C. 2254 For Writ of Habeas Corpus By a Person In State Custody because The Petitioner Did not Challenge Then his Indictments at The Beginning of Trial.

26. I Did Not File Anything, motions, etc. In The United States Supreme Court.

## Relief

Wherefore, all Premises Considered, The Petitioner Prays That The Court Grant him The Following Relief:

A) To Grant This Petition Relief From a Conviction or sentence By a Person In State Custody.

B) And Any other Relief to Which Petitioner may be entitled to.

Signature's
Michael B. Baily # 221117

## Certificate of Service

I Certify That a True and accurate Copy of the Foregoing was mailed In House mail, on 21 day of February, 2022, to:

Warden Tony Mays
RMSI
7475 Cockrill Bend Blvd
Nashville, Tn. 37209

Signature's
Michael B. Baily # 221117

## Petitioner Verification

I, Michael Bailey DO Swear Under Oath of Penalty of Perjury that the Foregoing Petition Is True and Correct.

Subscribed and Sworn to Before me This The __21__ day of February, 2022.

Respectfully Submitted

Print → Michael B. Bailey #221117
Sign → Michael B. Bailey #221117

WESTLAW

§ 40-35-203. Imposition of sentence
TN ST § 40-35-203 · West's Tennessee Code Annotated · Title 40. Criminal Procedure , Effective: August 11, 2010 *(Approx. 2 pages)*

West's Tennessee Code Annotated
  Title 40. Criminal Procedure
    Chapter 35. Tennessee Criminal Sentencing Reform Act of 1989 (Refs & Annos)
      Part 2. Procedure for Imposing Sentence

Effective: August 11, 2010

T. C. A. § 40-35-203

§ 40-35-203. Imposition of sentence

Currentness

(a) Except as provided in subsection (c) and with respect to fines as provided in § 40-35-301, sentences in felony and misdemeanor cases shall be imposed by the court. Upon a verdict or plea of guilty, the court shall set and conduct a sentencing hearing except as provided in subsection (b). Evidence may, but need not, be presented by both the defendant and the district attorney general on any matter relevant to the issue of sentencing. The sentencing hearing may occur immediately after guilt is determined, subject to the rights of the parties to postpone the hearing under § 40-35-209(a).

(b) Where the sentence is agreed upon by the district attorney general and the defendant and accepted by the court, the court may immediately impose sentence as provided in § 40-35-205(d) and no specific sentencing hearing or presentence reports shall be required. The judge may, in the judge's discretion, direct that a complete presentence report be prepared. No defendant sentenced to the custody of the department of correction shall be committed or conveyed to the department unaccompanied by the completed presentence report or investigation and report required by § 40-35-209(d)(1). Furthermore, a presentence report or investigation and report shall be prepared on all defendants sentenced to a period of continuous confinement of one (1) year or greater in a local jail or workhouse. This requirement shall not be cause for delay in conveying the defendant to the local institution to which the defendant has been committed. There shall be a presentence report and hearing on any issue of sentencing not agreed upon by the parties and accepted by the court.

(c) If a capital offense is charged and the jury returns a verdict where death is a possibility, the jury shall fix the punishment in a separate sentencing hearing as otherwise provided by law, unless the jury is waived as to punishment.

(d) If the trial judge who presided at the trial on the merits is unavailable because of death, resignation, retirement, ill health or loss of jurisdiction, another judge appointed by the chief justice of the Tennessee supreme court may impose the sentence.

(e) If the criminal offense for which the defendant is charged carries an enhanced punishment for a second or subsequent violation of the same offense, the indictment in a separate count shall specify and charge that fact. If the defendant is convicted of the offense, then the jury must find that beyond a reasonable doubt the defendant has been previously convicted the requisite number of times for the same offense. Upon such finding, the defendant shall be subject to the authorized terms of imprisonment for the felonies and misdemeanors as set forth in § 40-35-111.

**Credits**
1989 Pub.Acts, c. 591, § 6; 1990 Pub.Acts, c. 980, § 24.

**Editors' Notes**

*Exhibit A*

*Exhibit (a)*

WESTLAW

**Warden v. State**
Supreme Court of Tennessee.   |   July 15, 1964   |   18 McCanless 391   |   214 Tenn. 391   |   381 S.W.2d 244   *(Approx. 5 pages)*

18 McCanless 391
Supreme Court of Tennessee.

## Lynn WARDEN and Eunice Barrowman

v.

## STATE of Tennessee.

July 15, 1964.

### Synopsis

The defendants were convicted of possession of intoxicating liquors for sale, as a second-offense felony. The Criminal Court, Washington County, Oris D. Hyder, J., gave judgment, and the defendants appealed in error. The Supreme Court, Felts, J., held that indictment charging that defendants poassessed intoxicating liquor and that offense was a second or subsequent violation and as such constituted a felony in that defendants had been indicted for possessing intoxicating liquors was defective for failure to allege fact of conviction of prior possession.

Reversed and remanded for further proceedings not inconsistent with opinion.

---

## West Headnotes (5)

Change View

**1**   **Sentencing and Punishment** 👈 Requisites and sufficiency of accusation
Indictment charging that defendants possessed intoxicating liquor and that offense was a second or subsequent violation of the statute and as such constituted a felony "the defendants having theretofore in this court and by this grand jury been indicted for possession of intoxicating liquors" and "upon conviction for either of said offenses, the offense herein presented is a felony" was defective for failure to allege fact of conviction of prior possession. T.C.A. §§ 39–2504, 39–2527, 39–2528, 40–1802; Const. art. 1, § 9.

6 Cases that cite this headnote

---

**2**   **Indictments and Charging Instruments** 👈 Matters of fact or conclusions
Indictment must state such facts and circumstances as will constitute the crime, and not merely a legal result or conclusion. T.C.A. § 40–1802.

7 Cases that cite this headnote

---

**3**   **Sentencing and Punishment** 👈 Requisites and sufficiency of accusation
Where a statute provides for proof of prior convictions and requires increased punishment for second or subsequent offenses, the indictment, in order to charge a second or subsequent offense, must aver not only the convictions of prior offenses, but also such circumstances of time and place as to inform the accused of what proof of prior offenses may be offered against him and enable him to be prepared to make his defense; and an indictment failing in these requisites is invalid and a conviction based thereon is void.

*Exhibit (B)*

> 8 Cases that cite this headnote
>
> ---
>
> 4   **Indictments and Charging Instruments**  ⟲ Evidence admissible under charging instrument
>
> **Indictments and Charging Instruments**  ⟲ Sufficiency of accusation
> Where pleading or indictment is defective in its statement of cause of action and such defect would be fatal on demurrer or motion to quash, it will be cured on trial if issues made by pleadings required proof of the facts so defectively stated or omitted; this rule does not apply where pleading or indictment wholly fails to state a cause of action, and in such case proof of facts not averred cannot be admitted in evidence.
>
> 3 Cases that cite this headnote
>
> ---
>
> 5   **Criminal Law**  ⟲ Requisites and Sufficiency of Judgment
> A judgment entered on a void pleading is void.
>
> 1 Case that cites this headnote

## Attorneys and Law Firms

*392 **244 Thomas E. Mitchell, Johnson City, for plaintiffs in error.

George F. McCanless, Atty. Gen., Edgar P. Calhoun, Asst. Atty. Gen., Nashville, for the State.

## Opinion

FELTS, Justice.

Plaintiffs in error were convicted of possession of intoxicating liquors for sale, as a second-offense felony (T.C.A. §§ 39–2527, 39–2528), and their punishment fixed by the jury at three years in the pentientiary. The Trial Judge entered judgment sentencing them to not less than one year nor more than three years in the penitentiary. They appealed in error.

T.C.A. § 39–2527 makes possession of intoxicating liquors for sale a misdemeanor **245 punishable by fine of not less $100.00 nor more than $500.00, and imprisonment for not less than 30 days nor more than six months. T.C.A. § 39–2528 provides that a 'second or subsequent violation' of § 39–2527 shall be a felony punishable by imprisonment of not less than one year, nor more than five years, in the penitentiary.

1    The question in the case is the validity of the indictment: whether it stated facts and circumstances as to the prior offenses sufficient in law to constitute a second-offense felony under the statute, and to give plaintiffs in error the requisite notice as to the prior offenses to be proved against them. The indictment, in one count, charged them with possession of intoxicating liquors on March 30, 1963, and that

'the offense herein presented is a second or subsequent violation of Section 39–2527, Tenn.Code Ann. and as such constitutes a felony as provided by Section 39–2528, Tenn.Code Ann., the defendants having heretofore in this Court and by this Grand Jury been indicted for possession intoxicating liquors in violation of Sect. 39–2527, T.C.A., and on Jan. 19, 1963, on January 22, 1963, and on January 26, 1963, *and upon conviction* *394 *for either of said offenses*, the offense herein presented is a felony. * * *' (italics ours).

2  This question involves a constitutional right of the accused—the right 'to demand the *nature* and *cause* of the accusation against him, and to have a copy thereof' (Art. 1, sec. 9, same in our prior Constitutions). This is said to be a principle 'as old as the common law'; it is that the indictment must state 'such facts and circumstances as will constitute the crime, and not merely a legal result' or conclusion (italics ours). Pearce v. State, 33 Tenn. 64, 67–68 (1853); Hall v. State, 43 Tenn. 125, 128 (1866); Cornell v. State, 66 Tenn. 520, 523 (1874).

This principle has been embodied in our statute (1932 Code sec. 11624, T.C.A. § 40–1802): 'The indictment must state the facts constituting the offense in ordinary and concise language, * * * in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment * * *.'

In Inman v. State, 195 Tenn. 303, 304–305, 259 S.W.2d 531 (opinion by Associate, now Chief, Justice Burnett), it is said the test of the sufficiency of an indictment or presentment is

"whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'"

*395 We think the indictment here failed to meet this test—failed to state facts and circumstances sufficient in law to constitute the elements of the felony on which plaintiffs in error were tried and convicted. Such elements are (1) that they had possession of intoxicating liquor for sale; and (2) that such possession was 'a second or subsequent violation' of T.C.A. § 39–2527, and, therefore, a felony under § 39–2528.

So, it was unecessary that the indictment state not only the fact of such possession, but also the fact that it was a second possession with reasonable certainty as to places and times of the prior possession or possessions so as to apprise plaintiffs in error of what they 'must be prepared to meet,' and to show 'with accuracy' to what extent they may plead the acquittal or conviction as a bar to subsequent similar proceedings against them.

As we have seen, the indictment did state that 'the offense herein presented is a second or subsequent violation' of § 39–2527, and a felony under § 39–2528. This, however, was not a 'complete description **246 of such facts and circumstances as constituted the crime,' but was a mere statement of a legal result or conclusion and, therefore, insufficient to charge any offense or inform defendants what they were called on to meet. Pearce v. State, supra; Cornell v. State, supra; Jones v. State, 84 Tenn. 466, 468, Robinson v. City of Memphis, 197 Tenn. 598, 602–603, 277 S.W.2d 341.

The pleader apparently recognized this deficiency, for he went on to state: 'defendants having heretofore in this Court and by this Grand Jury been *indicted* for possessing intoxicating liquors * * * and upon *conviction* for either of said offenses, the offense herein presented is a felony * * *' (italics ours). This, however, was not an *396 averment of the facts constituting a felony, but merely a hypothetical averment that defendants had been indicted and, if convicted on either of such indictments, 'the offense herein presented is a felony.'

An averment of possession in violation of § 39–2527, plus an averment that the possessor had been indicted for prior possessions without averring a conviction under such indictments, was insufficient to charge a felony under § 39–2528. In order to do that, it was necessary for the pleader to aver not merely an indictment, but the fact of conviction of prior possession. It is expressly so provided under our statutes forbidding sales of intoxicants and making the second sale a felony. T.C.A. § 39–2504.

Case 3:22-cv-00149   Document 1   Filed 03/01/22   Page 17 of 55 PageID #: 17

3   We think this case comes within the principle established by decisions of this Court and of the federal courts, to the effect that where a statute provides for proof of prior convictions and requires increased punishment for second or subsequent offenses, the indictment, in order to charge a second or subsequent offense, must aver not only the convictions of prior offenses, but also such circumstances of time and place as to inform the accused of what proofs of prior offenses may be offered against him and enable him to be prepared to make his defense; and an indictment failing in these requisites is invalid and a conviction based thereon is void.

Some of the cases so holding are Rhea v. Edwards (U.S.Dist.Ct., Tenn., opinion by Judge Davies, 1955 (involving our Habitual Criminal Act, now T.C.A. §§ 40–2801, 40–2804)), 136 F.Supp. 671, aff'd sub nom. Edwards v. Rhea, 6 Cir., 238 F.2d 850; In re Boyd (U.S.Dist.Ct., Tenn., opinion by Judge Miller, 1959 (involving our Habitual Criminal Act)), 189 F.Supp. 113, aff'd sub nom. *397 Bomar v. Boyd, 6 Cir., 281 F.2d 195; Frost v. State (opinion by Justice Tomlinson, involving second-offense conviction of driving while drunk (T.C.A. §§ 59–1031, 59–1035)), 203 Tenn. 549, 314 S.W.2d 33; Frost v. State (second appeal (opinion by Justice Tomlinson)), 205 Tenn. 671, 330 S.W.2d 303, 80 A.L.R.2d 1191.

4   5   It is true that in the case before us there was no motion to quash the indictment, as there was in the Frost case, supra. It is also true that where a pleading or an indictment is defective in its statement of the cause of action and such defect would be fatal on demurrer or motion to quash, yet it will be cured on the trial if the issues made by the pleadings required proof of the facts so defectively stated or omitted. Magevney v. Karsch, 167 Tenn. 32, 48, 65 S.W.2d 562, 92 A.L.R. 343.

But this rule does not apply where the pleading or indictment wholly fails to state a cause of action. In such case, proof of facts not averred cannot be admitted in evidence. As said by Judge Tomlinson in Robinson v. City of Memphis, supra, it is necessary to distinguish between a pleading that is void and one that is merely defective or voidable only (197 Tenn. 602–603, 277 S.W.2d 343–344). In the former case, a judgment entered on such pleading is void.

It seems clear that if a judgment should be entered upon the indictment before us and if plaintiffs in error were imprisoned thereunder, such judgment and imprisonment **247 would be held void and illegal upon habeas corpus under Rhea v. Edwards, supra and In re Boyd, supra.

For these reasons, the judgment below is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

**All Citations**

18 McCanless 391, 214 Tenn. 391, 381 S.W.2d 244

---

**End of Document**                    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2021 Thomson Reuters

Thomson Reuters is not provi

WESTLAW

**State v. Sanders**
Court of Criminal Appeals of Tennessee, at Jackson. | May 20, 1987 | 735 S.W.2d 856   (Approx. 4 pages)

735 S.W.2d 856
Court of Criminal Appeals of Tennessee,
at Jackson.

STATE of Tennessee, Appellee,

v.

Virgil Wayne SANDERS, Appellant.

No. 5

May 20, 1987.

### Synopsis

Defendant was convicted of driving under the influence and driving while license was revoked, following jury trial in Hardeman County, Jon Kerry Blackwood, J., and he appealed. The Court of Criminal Appeals, Jones, J., held that: (1) defendant could not be sentenced as recidivist where indictment did not allege that defendant had previously been convicted of driving while under the influence of alcohol, despite notices of enhanced punishment filed by the district attorney general, and (2) it was for jury rather than trial court to determine whether defendant was a second or subsequent offender and, if so, to establish the maximum fine.

Affirmed in part and sentence set aside and cause remanded in part.

---

**West Headnotes (4)**

Change View

**1**   **Automobiles** ☞ Repeat Offenders
An accused who has been convicted of driving while under the influence may not be sentenced as a recidivist unless his prior conviction or convictions for driving while under the influence are alleged in the indictment or charging instrument; word "must" in statute requiring such an allegation in the indictment or charging instrument is mandatory. T.C.A. § 55–10–403(g).

6 Cases that cite this headnote

**2**   **Automobiles** ☞ Repeat Offenders
Where indictment did not allege that defendant had been previously convicted of driving while under the influence, he could not be sentenced as a recidivist, and notices of enhanced punishment filed by the district attorney general were nullities. T.C.A. §§ 40–35–101 et seq., 40–35–202, 55–10–403, 55–10–403(g).

4 Cases that cite this headnote

**3**   **Automobiles** ☞ Driving While Intoxicated
In prosecution for driving while under the influence, it was for jury, not the trial judge, to determine whether defendant had been previously convicted of two offenses of driving under

*Exhibit (C)*

the influence, and to establish the maximum fine if defendant was found to be a second or subsequent offender.

8 Cases that cite this headnote

---

4    Fines ⟜  Imposition and Liability in General
     Under State Constitution, trial court could not impose fine in excess of $50 absent waiver by defendant of the constitutional provision. Const. Art. 6, § 14.

     7 Cases that cite this headnote

---

**Attorneys and Law Firms**

*856 Mike Mosier, Henderson, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, James W. Thompson, Asst. Atty. Gen., Nashville, Paul G. Summers, Dist. *857 Atty. Gen., Steve Weitzman, Asst. Dist. Atty. Gen., Sommerville, for appellee.

OPINION

JONES, Judge.

The defendant, Virgil Wayne Sanders, was convicted of driving while under the influence and driving while license revoked by a jury of his peers. The defendant was sentenced to pay a fine of $10.00 and serve two (2) days in the Hardeman County Jail for the offense of driving while license revoked. The trial judge, apparently finding this was the defendant's third offense for driving while under the influence sentenced the defendant to pay a fine of $1,000.00 and serve a term of eleven (11) months and twenty-nine (29) days in the Hardeman County Jail. The trial judge suspended all but 120 days of the sentence; and ordered that the two (2) sentences would be served concurrently.

After the trial court denied the defendant's motion for a new trial he appealed as of right to this Court pursuant to Rule 3(b), Tenn.R.App.P. In this Court the defendant raises but a single issue. He contends that he should have been sentenced as a first offender, not as a third offender, for the offense of driving while under the influence. The State of Tennessee, confessing error in its brief, agrees that the defendant should have been sentenced as a first offender under the facts and circumstances of this case. 

On the 6th day of January, 1986, the appellant was indicted by the Hardeman County Grand Jury for the offenses of driving while under the influence and driving a motor vehicle after his license had been canceled, suspended or revoked. The indictment did not allege or mention the appellant had been previously convicted of driving while under the influence.

On January 17, 1986, the District Attorney General filed a "Notice of Enhanced Punishment." This pleading alleged the appellant had previously been convicted of driving while under the influence of August 3, 1984, in the General Sessions Court of Hardeman County, and the State would seek to enhance his punishment for the offense of driving while under the influence, if convicted. On February 10, 1986, the District Attorney General filed an "Amended Notice of Enhanced Punishment." This pleading alleged that the defendant had been convicted of driving while under the influence on June 16, 1978, and February 16, 1979, in the General Sessions Court of Hardeman County in addition to the conviction of August 3, 1984. The State again stated in the notice that it would seek to enhance the defendant's punishment, if he was convicted of the offense.

The trial court entered a judgment on the verdicts of the jury finding the defendant guilty of both offenses. The judgment does not mention a fine or that the defendant was found to be a third offender. Nor does the applicable portion of the transcript of the proceedings. Apparently the trial judge, not the jury, found the defendant had committed two (2) prior offenses of driving while under the influence. However, neither the judgment on sentence nor the transcript of the sentencing hearing contains a finding to this effect. The trial judge must also have thought that he had the power and authority to assess a fine in excess of $50.00 without the approval of a jury.

1    An accused, who has been convicted of driving while under the influence, may not be sentenced as a recidivist unless his prior conviction or convictions for driving while under the influences are alleged in the indictment or charging instrument. T.C.A. § 55–10–403(g) provides:

"In the prosecution of second or subsequent offenders the indictment or charging instrument *must* allege the prior conviction or convictions for violating any of the provisions § 55–10–401—§ 55–10–404, setting forth the time and place of each prior conviction or convictions." (Emphasis added)

The word "must", as used in the statute, means "1: an imperative need or duty: REQUIREMENT 2: An indispensable item: ESSENTIAL." Webster's *New Collegiate Dictionary* (1981) at 753. In this jurisdiction the word "must", like the word "shall", "is ordinarily construed as being mandatory and not discretionary" when used in constitutions or statutes. *858 Stubbs v. State,* 216 Tenn. 567, 393 S.W.2d 150, 154 (1965); *Blankenship v. State,* 223 Tenn. 158, 443 S.W.2d 442, 445 (1969).

2    The notices filed by the District Attorney General after the return of the indictment were nullities. This Court has consistently held that sentencing in driving while under the influence cases are controlled by T.C.A. § 55–10–403, not the Tennessee Criminal Sentencing Reform Act of 1982. See *State v. Lowe,* 661 S.W.2d 701, 703–704 (Tenn.Crim.App.1983); *State v. Gurley,* 691 S.W.2d 562, 563, 564 (Tenn.Crim.App.1984). The Attorney General for the State of Tennessee has reached this same conclusion. Op.Tenn.Atty.Gen. 196 (1982). Thus, the trial judge's reliance upon T.C.A. § 40–35–202, as a substitute for the mandate of T.C.A. § 55–10–403(g), was clearly erroneous.

Since the indictment did not allege the defendant had been previously convicted of driving while under the influence, the defendant could not be sentenced as a recidivist. He should have been sentenced as if this were his first conviction.

3    We note the trial judge, not the jury, determined that the defendant had previously been convicted of two offenses of driving while under the influence; and the trial judge assessed a fine of $1,000.00 without first submitting the issue of the amount of the fine to the jury. This too was error.

When the indictment alleges the accused is a second or subsequent offender, a bifurcated proceeding is mandated. The first phase of the proceeding addresses the issue of the guilt or innocence of the defendant. In addition, the jury must determine the maximum amount of fine the trial judge may assess if the defendant is punishable as a first offender. If the jury returns a verdict of guilty, the jury, not the trial judge, must determine whether the defendant is a second or subsequent offender beyond a reasonable doubt. In addition, the jury must establish the maximum fine the trial court may assess if the accused is found to be a second or subsequent offender. See *State v. Raleigh C. Wiser,* C.C.A. at Nashville, opinion filed February 19, 1987, order granting petition to rehear filed April 7, 1987.

4    A trial judge may not sentence a defendant to pay a fine in excess of $50.00, see Tenn.Const.Art. VI, § 14, unless the defendant waives this constitutional provision, *State v. Durso,* 645 S.W.2d 753 (Tenn.1983), or the parties waive a trial by jury. *State v. Harless,* 607 S.W.2d 492 (Tenn.Crim.App.1980). Absent one of these exceptions a trial judge must follow the procedure mandated

by T.C.A. § 40–35–301(b). Since neither of these exceptions appears in the record presented to us for review, we are of the opinion the trial judge exceeded his jurisdiction in fining the defendant the sum of $1,000.00.

The record submitted to this Court for review does not contain the transcript of the trial evidence. Nor does the record contain a pre-sentence report. This was waived by the parties. Furthermore, no evidence was introduced at the sentencing hearing. Thus, we are of the opinion the interests of justice will best be served by remanding this cause to the trial court for a new sentencing hearing. When sentencing the defendant, the trial judge shall impose a sentence within the range of punishment prescribed for a person who has been convicted of his first offense of driving while under the influence. The trial judge may not, however, assess a fine in excess of $50.00 for the reasons hereinabove enumerated.

The defendant's conviction for driving while license revoked and the trial judge's sentence for this offense are affirmed.

The defendant's conviction for driving while under the influence is affirmed. However, the sentence imposed by the trial judge is set aside; and this cause is remanded to the trial court for the purpose of conducting a sentencing hearing and resentencing the defendant in a manner not inconsistent with this opinion.

DUNCAN and DAUGHTREY, JJ., concur.

**All Citations**

735 S.W.2d 856

---

**End of Document**                     © 2021 Thomson Reuters. No claim to original U.S. Government Works.

Thomson Reuters is not provi

STATE OF TENNESSEE ) CRIMINAL COURT OF SHELBY COUNTY

)

SHELBY COUNTY ) MARCH TERM, 2009

Exhibit (D)

Count 1

THE GRAND JURORS of the State of Tennessee, duly selected, empaneled, sworn and charged to inquire for the body of the county of Shelby, Tennessee, upon their oath, present that:

MICHAEL BAILEY

between November 5, 2008 and November 10, 2008 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully, intentionally or knowingly, take from the person of RENEE LASATER certain property, to wit: a purse and contents and keys, of value, by violence or by putting RENEE LASATER in fear, said taking accomplished with a deadly weapon or by display of an article used or fashioned to lead RENEE LASATER to reasonably believe the article to be a deadly weapon, in violation of T.C.A. 39-13-402, against the peace and dignity of the State of Tennessee.

William L. Gibbons
District Attorney General
30th Judicial District

No. _____ 09 02887 _____

## STATE OF TENNESSEE

### V.

### MICHAEL BAILEY

Indictment for

## AGGRAVATED ROBBERY
## AGGRAVATED ASSAULT

T.C.A. 39-13-402                           SCATS CODE - 21025
T.C.A. 39-13-102                           SCATS CODE - 30043

Witnesses:

Summon for the State                    *Exhibit ( D )*

D. HOPKINS, MPD, ROBBERY BUREAU
M.FAIR                         MPD - ROBBERY BUREAU
F.WINSTON                      MPD
R.SABA                         MPD
S.FOGLESONG                    MPD
T.GATES                        MPD
M.BOSWELL                      MPD
RENEE LASATER
TOD SALIN

M. FAIR
Prosecutor

**A True Bill**

PRO-TEM

Foreperson of the Grand Jury

Date Indictment Returned: _4/30/90_

STATE OF TENNESSEE ) CRIMINAL COURT OF SHELBY COUNTY

)

SHELBY COUNTY ) MARCH TERM, 2009

*Exhibit (D)*

Count 2

    THE GRAND JURORS of the State of Tennessee, duly selected, empaneled, sworn and charged to inquire for the body of the county of Shelby, Tennessee, upon their oath, present that:

MICHAEL BAILEY

between November 5, 2008 and November 10, 2008 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully and knowingly commit an assault on TOD SALIN and use or display a deadly weapon and cause the said TOD SALIN to reasonably fear imminent bodily injury, in violation of T.C.A. 39-13-102, against the peace and dignity of the State of Tennessee.

William L. Gibbons
District Attorney General
30th Judicial District

A.G. FILE # AS0632A

No. _09 02898_

## STATE OF TENNESSEE

V.

## MICHAEL BAILEY

Indictment for

## AGGRAVATED ROBBERY

T.C.A. 39-13-402                                    SCATS CODE - 21025

Witnesses:

Summon for the State

D. HOPKINS, MPD, ROBBERY BUREAU

M.FAIR                                    MPD - ROBBERY BUREAU
F.WINSTON                                 MPD                    _Exhibit (D)_
T.GATES                                   MPD
M.BOSWELL                                 MPD
D.DESVERGNES                              MPD
LASHANDA JONES

M. FAIR
Prosecutor

**A True Bill**

~~Foreperson of the Grand Jury~~ PRO-TEM

Date Indictment Returned: _4/30/09_

| STATE OF TENNESSEE | ) | CRIMINAL COURT OF SHELBY COUNTY |
| SHELBY COUNTY | ) | MARCH TERM, 2009 |

Count 1

THE GRAND JURORS of the State of Tennessee, duly selected, empaneled, sworn and charged to inquire for the body of the county of Shelby, Tennessee, upon their oath, present that:

MICHAEL BAILEY                    *Exhibit (D)*

on October 14, 2008 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully, intentionally or knowingly, take from the person of LASHANDA JONES certain property, to wit: a motor vehicle, a purse and contents and keys, of the value of $1,000 or more, by violence or by putting LASHANDA JONES in fear, said taking accomplished with a deadly weapon or by display of an article used or fashioned to lead LASHANDA JONES to reasonably believe the article to be a deadly weapon, in violation of T.C.A. 39-13-402, against the peace and dignity of the State of Tennessee.

William L. Gibbons
District Attorney General
30th Judicial District

A.G. FILE # AS0632B

No. ____08  02889____

## STATE OF TENNESSEE

V.

## MICHAEL BAILEY

Indictment for

## AGGRAVATED ROBBERY

T.C.A. 39-13-402                                    SCATS CODE - 21025

Witnesses:

Summon for the State

D. HOPKINS, MPD, ROBBERY BUREAU

M.FAIR                          MPD - ROBBERY BUREAU
F.WINSTON                       MPD
T.GATES                         MPD              *Exhibit (D)*
M.BOSWELL                       MPD
J.OLIVER                        MPD
LATARSHA OWENS

M. FAIR
Prosecutor

**A True Bill**

Foreperson of the Grand Jury    PRO - TEM

Date Indictment Returned: __4/30/09__

STATE OF TENNESSEE ) CRIMINAL COURT OF SHELBY COUNTY

)

SHELBY COUNTY ) MARCH TERM, 2009

Count 1

THE GRAND JURORS of the State of Tennessee, duly selected, empaneled, sworn and charged to inquire for the body of the county of Shelby, Tennessee, upon their oath, present that:

MICHAEL BAILEY

Exhibit(N)

on October 15, 2008 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully, intentionally or knowingly, take from the person of LATARSHA OWENS certain property, to wit: a purse and contents, of value, by violence or by putting LATARSHA OWENS in fear, said taking accomplished with a deadly weapon or by display of an article used or fashioned to lead LATARSHA OWENS to reasonably believe the article to be a deadly weapon, in violation of T.C.A. 39-13-402, against the peace and dignity of the State of Tennessee.

William L. Gibbons
District Attorney General
30th Judicial District

A.G. FILE # AS0632C

No. ___09  02890___

## STATE OF TENNESSEE

### V.

### MICHAEL BAILEY

Indictment for

## AGGRAVATED ROBBERY

T.C.A. 39-13-402                    SCATS CODE - 21025

Witnesses:

Summon for the State

D. HOPKINS, MPD, ROBBERY BUREAU

M.FAIR              MPD - ROBBERY BUREAU        *Exhibit (D)*
F.WINSTON           MPD
T.GATES             MPD
M.BOSWELL           MPD
D.GUNTER            MPD
CAROLYN GREENE

M, FAIR
Prosecutor

**A True Bill**

~~PRO-TEM~~ **PRO-TEM**

Foreperson of the Grand Jury

Date Indictment Returned: ___4 / 30/09___

STATE OF TENNESSEE ) CRIMINAL COURT OF SHELBY COUNTY

)

SHELBY COUNTY ) MARCH TERM, 2009

Count 1

THE GRAND JURORS of the State of Tennessee, duly selected, empaneled, sworn and charged to inquire for the body of the county of Shelby, Tennessee, upon their oath, present that:

MICHAEL BAILEY

$\mathcal{E}$ xhibit (D)

on October 17, 2008 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully, intentionally or knowingly, take from the person of CAROLYN GREENE certain property, to wit: a purse and contents, of value, by violence or by putting CAROLYN GREENE in fear, said taking accomplished with a deadly weapon or by display of an article used or fashioned to lead CAROLYN GREENE to reasonably believe the article to be a deadly weapon, in violation of T.C.A. 39-13-402, against the peace and dignity of the State of Tennessee.

William L. Gibbons
District Attorney General
30th Judicial District

No. _____09 03891_____

## STATE OF TENNESSEE

### V.

### · MICHAEL BAILEY

---

Indictment for

## AGGRAVATED ROBBERY

T.C.A. 39-13-402                                    SCATS CODE - 21025

---

Witnesses:

D. HOPKINS, MPD, ROBBERY BUREAU        Summon for the State

·M.FAIR                                    MPD - ROBBERY BUREAU          *Exhibit (2)*
F.WINSTON                                  MPD
T.GATES                                    MPD
M.BOSWELL                                  MPD
A.UNDERWOOD                                MPD
TAUNDRIA NEWSON

                              M. FAIR
                              Prosecutor

**A True Bill**

                              _[signature]_  PRO-TEM
                              Foreperson of the Grand Jury

Date Indictment Returned: ___4/30/09___

STATE OF TENNESSEE ) CRIMINAL COURT OF SHELBY COUNTY

)

SHELBY COUNTY ) MARCH TERM, 2009

Count 1

THE GRAND JURORS of the State of Tennessee, duly selected, empaneled, sworn and charged to inquire for the body of the county of Shelby, Tennessee, upon their oath, present that:

MICHAEL BAILEY

Exhibit(D)

on October 20, 2008 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully, intentionally or knowingly, take from the person of TAUNDRIA NEWSON certain property, to wit: a purse and contents and a baby bag, of value, by violence or by putting TAUNDRIA NEWSON in fear, said taking accomplished with a deadly weapon or by display of an article used or fashioned to lead TAUNDRIA NEWSON to reasonably believe the article to be a deadly weapon, in violation of T.C.A. 39-13-402, against the peace and dignity of the State of Tennessee.

William L. Gibbons
District Attorney General
30th Judicial District

No. ___09  02892___

## STATE OF TENNESSEE

V.

## MICHAEL BAILEY

Indictment for

## AGGRAVATED ROBBERY

T.C.A. 39-13-402

SCATS CODE - 21025

Witnesses:

Summon for the State

D. HOPKINS, MPD, ROBBERY BUREAU

M.FAIR         MPD - ROBBERY BUREAU

F.WINSTON      MPD

T.GATES        MPD

M.BOSWELL      MPD

R.THOMPSON     MPD

SHERIKA TAYLOR

*Exhibit (D)*

M. FAIR
Prosecutor

**A True Bill**

Foreperson of the Grand Jury

Date Indictment Returned: ___4/30/09___

STATE OF TENNESSEE ) CRIMINAL COURT OF SHELBY COUNTY

)

SHELBY COUNTY ) MARCH TERM, 2009

Count 1

THE GRAND JURORS of the State of Tennessee, duly selected, empaneled, sworn and charged to inquire for the body of the county of Shelby, Tennessee, upon their oath, present that:

MICHAEL BAILEY

*Exhibit(D)*

on October 20, 2008 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully, intentionally or knowingly, take from the person of SHERIKA TAYLOR certain property, to wit: a purse and contents, of value, by violence or by putting SHERIKA TAYLOR in fear, said taking accomplished with a deadly weapon or by display of an article used or fashioned to lead SHERIKA TAYLOR to reasonably believe the article to be a deadly weapon, in violation of T.C.A. 39-13-402, against the peace and dignity of the State of Tennessee.

William L. Gibbons
District Attorney General
30th Judicial District

No. _____09  07893_____

## STATE OF TENNESSEE

V.

## MICHAEL BAILEY

Indictment for

## AGGRAVATED ROBBERY
## AGGRAVATED ROBBERY

T.C.A. 39-13-402                    SCATS CODE - 21025
T.C.A. 39-13-402                    SCATS CODE - 21025

Witnesses:

Summon for the State                    *Exhibit (D)*

D. HOPKINS, MPD, ROBBERY BUREAU              MPD - ROBBERY BUREAU
M.FAIR                                       MPD
F.WINSTON                                    MPD
T.GATES                                      MPD
M.BOSWELL                                    MPD
C.RINEHART                                   MPD
C.MALONE                                     MPD
CYNTHIA POWERS
BRYAN POWERS

M. FAIR
Prosecutor

**A True Bill**

PRO-TEM

Foreperson of the Grand Jury

Date Indictment Returned: ___4/30/09___

STATE OF TENNESSEE ) CRIMINAL COURT OF SHELBY COUNTY

)

SHELBY COUNTY ) MARCH TERM, 2009


Count 1


THE GRAND JURORS of the State of Tennessee, duly selected, empaneled, sworn and charged to inquire for the body of the county of Shelby, Tennessee, upon their oath, present that:

MICHAEL BAILEY          *Exhibit(D)*


on November 20, 2008 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully, intentionally or knowingly, take from the person of CYNTHIA POWERS certain property, to wit: a purse and contents and rings, over the value of $500, by violence or by putting CYNTHIA POWERS in fear, said taking accomplished with a deadly weapon or by display of an article used or fashioned to lead CYNTHIA POWERS to reasonably believe the article to be a deadly weapon, in violation of T.C.A. 39-13-402, against the peace and dignity of the State of Tennessee.


William L. Gibbons
District Attorney General
30th Judicial District

STATE OF TENNESSEE   )   CRIMINAL COURT OF SHELBY COUNTY

                  )

SHELBY COUNTY      )   MARCH TERM, 2009

Count 2

THE GRAND JURORS of the State of Tennessee, duly selected, empaneled, sworn and charged to inquire for the body of the county of Shelby, Tennessee, upon their oath, present that:

### MICHAEL BAILEY

*Exhibit (D)*

on November 20, 2008 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully, intentionally or knowingly, take from the person of BRYAN POWERS certain property, to wit: a wallet and contents and rings, over the value of $500, by violence or by putting BRYAN POWERS in fear, said taking accomplished with a deadly weapon or by display of an article used or fashioned to lead BRYAN POWERS to reasonably believe the article to be a deadly weapon, in violation of T.C.A. 39-13-402, against the peace and dignity of the State of Tennessee.

William L. Gibbons
District Attorney General
30th Judicial District

# THE CRIMINAL COURT OF TENNESSEE
## THIRTIETH JUDICIAL DISTRICT
### AT MEMPHIS, TENNESSEE
### DIVISION X

FILED

| STATE OF TENNESSEE | § | 2014 MAY -5 PM 4:01 |
| | § | NO. 09 02888 |
| | § | KEVIN ... CLERK |
| MICHAEL BAILEY | § | BY_____ |

## Amended NOTICE OF IMPEACHMENT CONVICTIONS
### PURSUANT TO RULE 609(a)
### AND
### NOTICE OF INTENT TO SEEK ENHANCED PUNISHMENT
### PURSUANT TO TENNESSEE CODE ANNOTATED, SECTION 40-35-202

Comes now the State of Tennessee and hereby gives notice pursuant to Rule 609(a)(3) of the Tennessee Rules of Evidence, of certain prior convictions the State intends to offer for impeachment purposes should the defendant choose to testify in his own behalf and hereby gives notice that the defendant may be sentenced as a Multiple Offender pursuant to Tennessee Code Annotated, Section 40-35-106, a Persistent Offender pursuant to Tennessee Code Annotated, Section 40-35-107, or a Career Offender pursuant to Tennessee Code Annotated, Section 40-35-108, as applicable.

| Date | Nature of Conviction/Class | Court/ Docket # |
|------|---------------------------|-----------------|
| 7/22/2005 | Aggravated Robbery, 30 yrs | CC5 / 03-00824 |
| 7/22/2005 | Aggravated Robbery, 30 yrs | CC5 / 03-00824 |
| 7/22/2005 | Aggravated Robbery, 30 yrs | CC5 / 03-00824 |
| 7/22/2005 | Aggravated Robbery, 30 yrs | CC5 / 03-00824 |
| 9/21/2007 | Aggravated Robbery, 15 yrs | CC5 / 03-00824 |
| 2/23/2006 | Aggravated Robbery, 12 yrs | CC5 / 03-00825 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10812 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10813 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10814 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10815 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10816 |
| 12/8/2997 | Aggravated Robbery, 12 yrs | CC9 / 97-10817 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10818 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10819 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10820 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10821 |
| 12/8/1997 | Theft of Property, 6 yrs | CC9 / 97-10822 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10823 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10824 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10825 |
| 06/20/95 | Theft of Property, 2 yrs | CC 6 / 95-05713 |
| 05/24/93 | Theft of Property, 1 yr | CC5 / 93-01463 |
| 11/6/91 | Theft (M) | GS9 / 91304162 |
| 12/10/90 | Theft (M) | GS9 / 90326073 |
| 09/28/90 | Theft (M) | GS7 / 90004065 |

*Exhibit (D)*
*Exhibit (E)*

Respectfully Submitted,

Stacy McEndree, Assistant District Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing response was sent / caused to be delivered to T. Eskridge, counsel for defendant, on this 5th day of May, 2014.

21

IN THE CRIMINAL COURT OF TENNESSEE
THIRTIETH JUDICIAL DISTRICT AT MEMPHIS
DIVISION X

FILED

| | | |
|---|---|---|
| STATE OF TENNESSEE | § | 2013 AUG -9 PM 1: 52 |
| vs | § | NO. 09-02888 |
| MICHAEL BAILEY | § | KEVIN KEY, CLERK |

## NOTICE OF INTENT TO SEEK ENHANCED PUNISHMENT
## NOTICE OF REPEAT VIOLENT OFFENDER STATUS

Comes now the State of Tennessee, by and through the undersigned Assistant District Attorney General, and submits that, pursuant to T.C.A. § 40-35-120:

A.    The defendant is a:

( ) Standard Offender (Range I)
( ) Multiple Offender (Range II)
( ) Persistent Offender (Range III)
(X) *Repeat Violent Offender.*
( ) Habitual Drug Offender

*Exhibit ( )*
*Exhibit ( E )*

Based on the following felony convictions:

| Date of Conviction | Nature of Conviction | Court |
|---|---|---|
| 7/22/2005 | Aggravated Robbery, 30 yrs | CC5 / 03-00824 |
| 7/22/2005 | Aggravated Robbery, 30 yrs | CC5 / 03-00824 |
| 7/22/2005 | Aggravated Robbery, 30 yrs | CC5 / 03-00824 |
| 7/22/2005 | Aggravated Robbery, 30 yrs | CC5 / 03-00824 |
| 9/21/2007 | Aggravated Robbery, 15 yrs | CC5 / 03-00824 |
| 2/23/2006 | Aggravated Robbery, 12 yrs | CC5 / 03-00825 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10812 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10813 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10814 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10815 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10816 |
| 12/8/2997 | Aggravated Robbery, 12 yrs | CC9 / 97-10817 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10812 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10819 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10820 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10821 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10823 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10824 |
| 12/8/1997 | Aggravated Robbery, 12 yrs | CC9 / 97-10825 |

Respectfully submitted,

STACY McENDREE, Assistant District Attorney General

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this Notice to Seek Enhanced Punishment/Notice of Enhancing Factors on TAYLOR ESKRIDGE, Attorney for Defendant, on this 9th day of AUGUST, 2013.

STACY McENDREE, Assistant District Attorney General

1

20

Case 3:22-cv-00149   Document 1   Filed 03/01/22   Page 40 of 55 PageID #: 40

Exhibit (F-1)

## IN THE CRIMINAL/CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE

Case Number: 09-02887    Count # 2    Attorney for the State: A. Spinetta

Judicial District: 30th    Judicial Division: 10    Counsel for Defendant: Roy White

☐ Retained ☐ Appointed ☑ Public Defender
☐ Counsel Waived ☐ Pro Se

**State of Tennessee**
vs.
Defendant: Michael Bailey    Alias:

Date of Birth: 6-20-69   Sex: M   Race: B   SSN: 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

Indictment Filing Date: 4-30-09    TDOC ID # _____   State Control # _____

State ID # _____    County Offender ID # 103531

### JUDGMENT

☑ Original    ☐ Amended    ☐ Corrected

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the 25 day of Jan 2000, the defendant:

☑ Pled Guilty ☐ Dismissed/Nolle Prosequi
☐ Nolo Contendere ☐ Retired/Unapprehended Defendant
☐ Guilty Plea – Pursuant to 40-35-313

Is found: ☐ Guilty ☐ Not Guilty
☐ Jury Verdict ☐ Not Guilty by Reason of Insanity
☐ Bench Trial

Indictment: Class (circle one) 1ª A Ⓑ C D E   ☑ Felony ☐ Misdemeanor
Offense: Agg. Robbery Assault
Amended Charge: "
Offense Date: 11-5-2008   County: Shelby
Conviction Offense: Agg. Robbery Assault
Is this conviction offense methamphetamine related? ☐ Yes ☑ No
TCA #: 39-13-402   Sentence Imposed Date: 1-25-10
Conviction: Class (circle one) 1ª A B Ⓒ D E   ☑ Felony ☐ Misdemeanor

After considering the evidence, the entire record, & all factors in T.C.A. Title 40 Chapter 35, all of which are incorporated by reference herein, the Court's findings & rulings are:

**Sentence Reform Act of 1989**

Offender Status (Check One)
☐ Mitigated
☐ Standard
☐ Multiple
☐ Persistent
Ⓒ Career
☐ Repeat Violent

Release Eligibility (Check One)
☐ Mitigated 20%
☐ Mitigated 30%
☐ Standard 30%
☐ Multiple 35%
☐ Persistent 45%
☑ Career 60%
☐ Violent 100%
☐ Multiple Rapist 100%
☐ Child Rapist 100%
☐ Repeat Violent 100%
☐ Child Predator 100%
☐ 1ª Degree Murder
☐ Drug Free Zone
☐ Gang Related

Concurrent with: cf 09-0281, 88, 89, 90
91, 92, 93
Consecutive to:

Pretrial Jail Credit Period(s):
From 12-8-08 to 1-25-10
From _____ to _____
From _____ to _____

Sentenced To: 15 ☑ TDOC ☐ County Jail ☐ Workhouse
Sentence Length: ___ Years ___ Months ___ Days ___ Hours ___ Weekends ☐ Life ☐ Life w/out Parole ☐ Death
Mandatory Minimum Sentence Length: ___ 39-17-417, 39-13-513, 39-13-514 in Drug Free Zone or ___ 55-10-401 DUI 4ª Offense
or ___ 39-17-1324 Possession/Employment of Firearm
Period of incarceration to be served prior to release on probation: ___ Months ___ Days ___ Hours ___ Weekends
Minimum service prior to eligibility for work release, furlough, trusty status and rehabilitative programs: ___ % (Misdemeanor Only)
Alternative Sentence: ☐ Probation ☐ Diversion ☐ Drug Court ☐ Community Based Alternative - Specify _____
___ Years ___ Months ___ Days Effective: _____

Court Ordered Fees and Fines:
$ ___ Court Costs
$ ___ Fine Assessed
$ ___ Traumatic Brain Injury Fund (Drag Racing)
$ ___ Drug Testing Fund (TN Drug Control Act)
$ ___ CICF $ ___ Sex Offender Tax
$ ___ Other: _____

Cost to be Paid by
☑ Defendant ☐ State

Restitution: Victim Name _____
Address _____
Total Amount $ ___ Per Month $ ___
☐ Unpaid Community Service: ___ Hours ___ Days ___ Weeks ___ Months

☑ The Defendant having been found guilty is rendered infamous and ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-521 the defendant is ordered to provide a biological specimen for the purpose of HIV testing.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

Special Conditions

Jail Fees Waived

James C. Beasley, Jr.
Judge's Name

Judge's Signature    1-25-10
Date of Entry of Judgment

Attorney for State/Signature (optional)

Defendant/Defendant's Attorney/Signature

CC7-11
CR-3419 (Rev.1/08)   RDA 1167

2010 FEB -3 AM 9:34

1(2)

Exhibit (F-1)

## IN THE CRIMINAL/CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE

Case Number: 09-02888          Count # _1_          Attorney for the State: _A. Spinetta_

Judicial District: _30th_     Judicial Division: _10_     Counsel for Defendant: _Roy White_

**State of Tennessee**
vs.                                        ☐ Retained  ☐ Appointed  ☑ Public Defender
Defendant: _Michael Bailey_          Alias: _____  ☐ Counsel Waived  ☐ Pro Se

Date of Birth: _6-20-69_ Sex: _M_ Race: _B_ SSN: _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_

Indictment Filing Date: _4-30-09_  TDOC # _____ State Control # _____

State ID # _____          County Offender ID # _103531_

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the _25_ day of _Jan_ , _2000_ , the defendant:

| | |
|---|---|
| ☑ Pled Guilty  ☐ Dismissed/Nolle Prosequi | **Indictment:** Class (circle one)  1st A **B** C D E  ☑ Felony ☐ Misdemeanor |
| ☐ Nolo Contendere ☐ Retired/Unapprehended Defendant | Offense: _Agg. Robbery_ |
| ☐ Guilty Plea - Pursuant to 40-35-313 | Amended Charge: _____ |
| | Offense Date: _10-14-2008_ County: _Shelby_ |
| Is found:  ☐ Guilty  ☐ Not Guilty | Conviction Offense: _Agg. Robbery_ |
| ☐ Jury Verdict  ☐ Not Guilty by Reason of Insanity | Is this conviction offense methamphetamine related?  ☐ Yes ☑ No |
| ☐ Bench Trial | TCA #: _39-13-402_  Sentence Imposed Date: _1-25-10_ |
| | Conviction: Class (circle one)  1st A **B** C D E  ☑ Felony ☐ Misdemeanor |

After considering the evidence, the entire record, & all factors in T.C.A. Title 40 Chapter 35, all of which are incorporated by reference herein, the Court's findings & rulings are:

| Sentence Reform Act of 1989 | | Concurrent with: | Pretrial Jail Credit Period(s): |
|---|---|---|---|
| Offender Status (Check One)  Release Eligibility (Check One) | | _09-0287, 89, 90, 91_ | From ~~12-8-08~~ _7-13-09_ to _1-25-10_ |
| ☐ Mitigated  ☐ Mitigated 20%  ☐ Multiple Rapist 100% | | _92, 93_ | From _____ to _____ |
| ☐ Standard  ☐ Mitigated 30%  ☐ Child Rapist 100% | | Consecutive to: | From _____ to _____ |
| ☐ Multiple  ☐ Standard 30%  ☐ Repeat Violent 100% | | | From _____ to _____ |
| ☐ Persistent  ☐ Multiple 35%  ☐ Child Predator 100% | | | From _____ to _____ |
| ☑ Career  ☐ Persistent 45% ☐ 1st Degree Murder | | | |
| ☐ Repeat Violent  ☑ Career 60% ☐ Drug Free Zone | | | |
| ☐ Violent 100% ☐ Gang Related | | | |

| | |
|---|---|
| **Sentenced To:**  ☑ TDOC  ☐ County Jail  ☐ Workhouse | |

Sentence Length: _30_ Years ___ Months ___ Days ___ Hours ___ Weekends ☐ Life ☐ Life w/out Parole ☐ Death

Mandatory Minimum Sentence Length: _____ 39-17-417, 39-13-513, 39-13-514 in Drug Free Zone or _____ 55-10-401 DUI 4th Offense
or _____ 39-17-1324 Possession/Employment of Firearm

Period of incarceration to be served prior to release on probation: ___ Months ___ Days ___ Hours ___ Weekends

Minimum service prior to eligibility for work release, furlough, trusty status and rehabilitative programs: ___ % (Misdemeanor Only)

Alternative Sentence:  ☐ Probation  ☐ Diversion  ☐ Drug Court  ☐ Community Based Alternative - Specify _____

___ Years ___ Months ___ Days  Effective: _____

| Court Ordered Fees and Fines: Cost to Be Paid by | Restitution: Victim Name _____ |
|---|---|
| $___ Court Costs  ☑ Defendant ☐ State | Address _____ |
| $___ Fine Assessed | |
| $___ Traumatic Brain Injury Fund (Drag Racing) | |
| $___ Drug Testing Fund (TN Drug Control Act) | Total Amount $_____ Per Month $_____ |
| $___ CICF  $___ Sex Offender Tax | |
| $___ Other: _____ | ☐ Unpaid Community Service: ___ Hours ___ Days ___ Weeks ___ Months |

Special Conditions:
☑ The Defendant having been found guilty is rendered infamous and ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-521 the defendant is ordered to provide a biological specimen for the purpose of HIV testing.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

_Jail Fees Waived_

| _James C. Beasley, Jr._ | _James C. Beasley_ | _1-25-10_ |
|---|---|---|
| Judge's Name | Judge's Signature | Date of Entry of Judgment |

| _____ | _____ | CC7-11 |
|---|---|---|
| Attorney for State/Signature (optional) | Defendant/Defendant's Attorney/Signature | CR-3419 (Rev.1/08)  RDA 1167 |

1(2)

34

Exhibit(F-1)

## IN THE CRIMINAL/CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE

Case Number: 09-02890    Count # 1    Attorney for the State: A Spinetta

Judicial District: 30th    Judicial Division: 10    Counsel for Defendant: Rusty White

**State of Tennessee**
vs.

☐ Retained  ☐ Appointed  ☑ Public Defender
☐ Counsel Waived    ☐ Pro Se

Defendant: Michael Bailey    Alias:

Date of Birth: 6-20-69    Sex: M    Race: B    SSN: 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

Indictment Filing Date: 4-30-09    TDOC # 22117    State Control #

State ID #    County Offender ID # 103531

### JUDGMENT

☑ Original    ☐ Amended    ☐ Corrected

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the 25 day of Jan, 2000, the defendant:

| | |
|---|---|
| ☑ Pled Guilty  ☐ Dismissed/Nolle Prosequi | **Indictment:** Class (circle one)  1st  A (B) C D E  ☑ Felony ☐ Misdemeanor |
| ☐ Nolo Contendere ☐ Retired/Unapprehended Defendant | Offense: Agg. Robbery |
| ☐ Guilty Plea – Pursuant to 40-35-313 | Amended Charge: |
| | Offense Date: 10-17-2008  County: Shelby |
| **Is found:**  ☐ Guilty   ☐ Not Guilty | Conviction Offense: Agg Robbery |
| ☐ Jury Verdict  ☐ Not Guilty by Reason of Insanity | Is this conviction offense methamphetamine related?  ☐ Yes ☑ No |
| ☐ Bench Trial | TCA # 39-13-402   Sentence Imposed Date: 1-25-10 |
| | **Conviction:** Class (circle one)  1st  A (B) C D E  ☑ Felony ☐ Misdemeanor |

After considering the evidence, the entire record, & all factors in T.C.A. Title 40 Chapter 35, all of which are incorporated by reference herein, the Court's findings & rulings are:

**Sentence Reform Act of 1989**

| Offender Status (Check One) | Release Eligibility (Check One) | Concurrent with: |
|---|---|---|
| ☐ Mitigated | ☐ Mitigated 20%  ☐ Multiple Rapist 100% | 09-0287, 88 89, 91 |
| ☐ Standard | ☐ Mitigated 30%  ☐ Child Rapist 100% | 92, 93 |
| ☐ Multiple | ☐ Standard 30%  ☐ Repeat Violent 100% | |
| ☐ Persistent | ☐ Multiple 35%  ☐ Violent Predator 100% | **Consecutive to:** |
| ☑ Career | ☑ Career 60%   ☐ 1st Degree Murder | |
| ☐ Repeat Violent | ☐ Violent 100%  ☐ Drug Free Zone | |
| | ☐ Gang Related | |

**Pretrial Jail Credit Period(s):** 7-13-09
From 12-8-08 to 1-25-10
From ___ to ___
From ___ to ___
From ___ to ___

**Sentenced To:** ☑ TDOC    ☐ County Jail    ☐ Workhouse

Sentence Length: 30 Years ___ Months ___ Days ___ Weekends  ☐ Life ☐ Life w/out Parole ☐ Death

Mandatory Minimum Sentence Length: ___ 39-17-417, 39-13-513, 39-13-514 in Drug Free Zone or ___ 55-10-401 DUI 4th Offense
or ___ 39-17-1324 Possession/Employment of Firearm

Period of incarceration to be served prior to release on probation: ___ Months ___ Days ___ Hours ___ Weekends
Minimum service prior to eligibility for work release, furlough, trusty status and rehabilitative programs: ___ % (Misdemeanor Only)

**Alternative Sentence:** ☐ Probation  ☐ Diversion  ☐ Drug Court  ☐ Community Based Alternative - Specify ___

___ Years ___ Months ___ Days    Effective: ___

| Court Ordered Fees and Fines: | Cost to be Paid by | Restitution: Victim Name ___ |
|---|---|---|
| $ ___ Court Costs | ☑ Defendant ☐ State | Address ___ |
| $ ___ Fine Assessed | | |
| $ ___ Traumatic Brain Injury Fund (Drag Racing) | | Total Amount $ ___  Per Month $ ___ |
| $ ___ Drug Testing Fund (TN Drug Control Act) | | |
| $ ___ CICF   $ ___ Sex Offender Tax | | |
| $ ___ Other: ___ | | ☐ Unpaid Community Service: ___ Hours ___ Days ___ Weeks ___ Months |

(handwritten sideways) 2010 FEB -3 AM 9:34

☑ The Defendant having been found guilty is hereby ordered and ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-521 the defendant is ordered to provide a biological specimen for the purpose of HIV testing.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

**Special Conditions**    Jail Fees Waived

James C. Beasley, Jr.
Judge's Name

_(signature)_ James C Beasley    1-25-10
Judge's Signature    Date of Entry of Judgment

Attorney for State/Signature (optional)    Defendant/Defendant's Attorney/Signature

CC7-11
CR-3419 (Rev.1/08)  RDA 1167

1(2)

*Exhibit (F2)*

# IN THE CRIMINAL/CIRCUIT COURT FOR _____ SHELBY _____ COUNTY, TENNESSEE

Case Number: 09 02887    Count # ___1___    Counsel for the State: Stacy McEndree

Judicial District: 30th    Judicial Division: ___10___    Counsel for the Defendant: Taylor Eskridge

**State of Tennessee**      ☐ Retained ☐ Pub Def Appt ☒ Private Atty Appt

vs.

Defendant: MICHEAL BAILEY    Alias: _____    ☐ Counsel Waived ☐ Pro Se    Date of Birth: 06/20/1969    Sex: M

Race: B    SSN: XXX-XX-9529    Driver License #: _____    Issuing State: _____

State ID #: _____    County Offender ID # (if applicable): 000103531    TOMIS/TDOC #: _____

Relationship to Victim: _____    Victim's Age: _____

State Control #: 790008142067    Arrest Date: _____    Indictment Filing Date: 04/30/2009

## JUDGMENT   ☒ Original   ☐ Amended   ☐ Corrected

Comes the District Attorney General for the State and the defendant with counsel of record for entry of Judgment.

On the ~~1st~~ 3 day of ~~N~~ October , 20 2014 , the defendant:

☒ Pled Guilty    ☐ Dismissed/Nolle Prosequi

☐ Pled Nolo Contendere

☐ Pled Guilty – Certified Question Findings Incorporated by Reference

Is found: ☒ Guilty ☐ Not Guilty
☐ Jury Verdict ☐ Not Guilty by Reason of Insanity
☐ Bench Trial

**Indictment:** Class (circle one) 1st A **B** C D E    ☒ Felony ☐ Misdemeanor

Indicted Offense Name AND TCA §: 39-13-402 AGGRAVATED ROBBERY

Amended Offense Name AND TCA §: _____

Offense Date: 11/5-10/2014    County of Offense: SHELBY

Conviction Offense Name AND TCA §: 39-14-402 AGG ROBBERY

Conviction: Class (circle one) 1st A **B** C D E    ☒ Felony ☐ Misdemeanor

Is this conviction offense methamphetamine related? ☐ Yes ☒ No

Sentence Imposed Date: _____

After considering the evidence, the entire record, and in the case of sentencing, all factors in Tennessee Code Annotated Title 40, Chapter 35, all of which are incorporated by reference herein, it is ORDERED and ADJUDGED that the conviction described above is imposed hereby and that a sentence and costs are imposed as follows:

| Offender Status (Check One) | Release Eligibility (Check One) | | Concurrent with: | Pretrial Jail Credit Period(s): |
|---|---|---|---|---|
| ☐ Mitigated | ☐ Mitigated 20% | ☐ Agg Rob w/Prior 100% | 09-02889 | From 12-08-08 to 1-25-10 |
| ☐ Standard | ☐ Mitigated 30% | ☐ 1st Degree Murder | | From ___ to ___ |
| ☐ Multiple | ☐ Standard 30% | ☐ Drug Free Zone | | |
| ☐ Persistent | ☐ Multiple 35% | ☐ Multiple Rapist 100% | | From ___ to ___ |
| ☐ Career | ☐ Persistent 45% | ☐ Child Rapist 100% | ☐ Gang Related | |
| ☒ Repeat Violent | ☐ Career 60% | ☐ Child Predator 100% | | From ___ to ___ |
| | ☐ Agg Rob 85% | ☐ Agg Rapist 100% | **Consecutive to:** | |
| | ☐ Violent 100% | ☐ Mult 39-17-1324 100% | | From ___ to ___ |
| | ☒ Repeat Viol 100% | ☐ Att 1st Degree Murder w/SBI 85% | | |
| | | ☐ Agg Child Neglect/Endangerment 70% | | |
| | | ☐ Agg Assault w/Death 75% | | |

**Sentenced To:**   ☒ TDOC   ☐ County Jail   ☐ Workhouse

**Sentence Length:** ___ Years ___ Months ___ Days ___ Hours   ☐ Life ☐ Life w/out Parole ☐ Death

Mandatory Minimum Sentence Length: ___ 39-17-417, 39-13-513, 39-13-514, or 39-17-432 in Prohibited Zone or ___ 55-10-401 DUI 4th Offense

or ___ 39-17-1324 Possession/Employment of Firearm or ___ 40-39-208, -211 Violation of Sex Offender Registry

Period of incarceration to be served prior to release on probation or Community Corrections: ___ Months ___ Days ___ Hours

Minimum service prior to eligibility for work release, furlough, trusty status and rehabilitative programs: ___ % (Misdemeanor Only)

**Alternative Sentence:** ☐ Sup Prob ☐ Unsup Prob ☐ Comm Corr (CHECK ONE BOX) ___ Years ___ Months ___ Days Effective: ___

WAS DRUG COURT ORDERED AS A CONDITION OF THE ALTERNATIVE SENTENCE? ☐ Yes ☐ No

| Court Ordered Fees and Fines: | Costs to be Paid by | | Restitution: Victim Name _____ |
|---|---|---|---|
| $ ___ Court Costs | Defendant | State | Address _____ |
| $ ___ Fine Assessed | | | |
| $ ___ Traumatic Brain Injury Fund (68-55-301 et seq.) | | | |
| $ ___ Drug Testing Fund (TN Drug Control Act) | | | Total Amount $ ___ Per Month $ ___ |
| $ ___ CICF    $ ___ Sex Offender Tax | | | |
| $ ___ Other: ___ | | | ☐ Unpaid Community Service: ___ Hours ___ Days ___ Weeks ___ Months |

☒ The Defendant having been found guilty is rendered infamous and ordered to provide a biological specimen for the purpose of DNA analysis.

☐ Pursuant to 39-13-521 the defendant is ordered to provide a biological specimen for the purpose of HIV testing.

☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

☐ Pursuant to Title 68, Chapter 11, Part 10, the clerk shall forward this judgment to the Department of Health.

**Special Conditions**

*Deft Resentence 10-3-14*

James C. Beasley, Jr.      *James C Beasley*      *10/3/14*

Judge's Name          Judge's Signature        Date of Entry of Judgment

Counsel for State Signature (optional)      Defendant/Defendant's Counsel Signature (optional)

I _____ hereby certify this to be a true and accurate copy of the original judgment as filed in this cause. _____ for parties who did not provide a signature above.

CR-3419 (Rev. 7/1/13)

Filed #F 10-3-14
Richard DeSaussure, Clerk
BY _____ D.C.

You are hereby commanded to take the bo[...] of the defendant, herein named, it to be found [...] our County Jail of Shelby County, Tennessee, thereafter to execute the Judg[...] of the Court according to the sentence impose[...] s shown on the attached Judgment, or until said defendant be otherwise discharged according to the law.

Be it further noted that the defendant has currently pending in the Criminal Courts of Shelby County, Tennessee, the following indictments being still subject to the orders of this Court.

| INDICTMENT | COURT DIVISION | OFFENSE |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

WITNESS, KEVIN P. KEY, Clerk of the Criminal Court of Shelby County, Tennessee, at office in Memphis, Tennessee.

State of Tennessee
COUNTY OF SHELBY

I, KEVIN P. KEY, Clerk of the Criminal Court of Shelby County, Tennessee, do hereby certify that the above said and attached Judgment is a true and perfect transcript of Judgment and currently pending indictments in the matter of the State of Tennessee vs. the herein named defendant and indictments as they appear in my office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of this Court, at office, in the City of Memphis, Tennessee, this the _14_ day of _NOV._, 20_1_.

| RECORD & IDENTIFICATION NUMBER |
|---|
| 103551 |

KEVIN P. KEY, CLERK

BY: _Catron_

DOCKET NUMBERS: _____

_____

are over/under conviction (s) to Shelby County Jail/S.C.C.C/Penitentiary for a period of _____

ORDERS ATTACHED TO JUDGMENT:

Ord Overruling Motion for new trial 11-13-14

_____

_____

*Exhibit (F-2)*

Filed
Richard DeSaussure, Clerk
BY _____

# IN THE CRIMINAL/CIRCUIT COURT FOR _____ **SHELBY** _____ COUNTY, TENNESSEE

Case Number: 09 02887    Count # ___2___    Counsel for the State: _____

Judicial District: ___30th___   Judicial Division: ___10___   Counsel for the Defendant: _____

**State of Tennessee**     ☐ Retained ☐ Pub Def Appt ☐ Private Atty Appt

vs.     ☐ Counsel Waived ☐ Pro Se

Defendant: MICHEAL BAILEY _____ Alias: _____ Date of Birth: 06/20/1969   Sex: M

Race: B    SSN: XXX-XX-9529    Driver License #: _____ Issuing State: _____

State ID #: _____ County Offender ID # (if applicable): 000103531    TOMIS/TDOC #: _____

Relationship to Victim: _____ Victim's Age: _____

State Control #: 790008142067    Arrest Date: _____ Indictment Filing Date: 04/30/2009

## JUDGMENT ◼ Original ☐ Amended ☐ Corrected

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the ~~10th~~ 3 day of ~~May~~ Oct _____, 20 2014, the defendant:

| | |
|---|---|
| ◼ Pled Guilty    ☐ Dismissed/Nolle Prosequi | **Indictment:** Class (circle one) 1ˢᵗ A B ⊗ D E ◼ Felony ☐ Misdemeanor |
| ☐ Pled Nolo Contendere | Indicted Offense Name **AND** TCA §: 39-13-102 AGGRAVATED ASSAULT |
| ☐ Pled Guilty – Certified Question Findings Incorporated by | Amended Offense Name **AND** TCA §: _____ |
| Reference | Offense Date: 11/5-10/2014    County of Offense: SHELBY |
| | Conviction Offense Name **AND** TCA §: 39-13-102 AGG ASSAULT |
| Is found: ☐ Guilty ☐ Not Guilty | **Conviction:** Class (circle one) 1ˢᵗ A B ⊗ D E ◼ Felony ☐ Misdemeanor |
| ☐ Jury Verdict ☐ Not Guilty by Reason of Insanity | Is this conviction offense methamphetamine related? ☐ Yes ◼ No |
| ☐ Bench Trial | Sentence Imposed Date: _____ |

After considering the evidence, the entire record, and in the case of sentencing, all factors in Tennessee Code Annotated Title 40, Chapter 35, all of which are incorporated by reference herein, it is ORDERED and ADJUDGED that the conviction described above is imposed hereby and that a sentence and costs are imposed as follows:

| Offender Status (Check One) | Release Eligibility (Check One) | | | Concurrent with | Pretrial Jail Credit Period(s): |
|---|---|---|---|---|---|
| ☐ Mitigated | ☐ Mitigated 20% | ☐ Agg Rob w/Prior 100% | ☐ 1ˢᵗ Degree Murder | Count 1 | From 12-8-08 to 1-25-10 |
| ☐ Standard | ☐ Mitigated 30% | ☐ Multiple Rapist 100% | ☐ Drug Free Zone | 09-02887 | From _____ to _____ |
| ☐ Multiple | ☐ Standard 30% | ☐ Child Rapist 100% | ☐ Gang Related | | From _____ to _____ |
| ☐ Persistent | ☐ Multiple 35% | ☐ Child Predator 100% | | Consecutive to: | From _____ to _____ |
| ◼ Career | ☐ Persistent 45% | ☐ Agg Rapist 100% | | | |
| ☐ Repeat Violent | ◼ Career 60% | ☐ Mult 39-17-1324 100% | | | |
| | ☐ Agg Rob 85% | ☐ Att 1ˢᵗ Degree Murder w/SBI 85% | | | |
| | ☐ Violent 100% | ☐ Agg Child Neglect/Endangerment 70% | | | |
| | ☐ Repeat Viol 100% | ☐ Agg Assault w/Death 75% | | | |

| | | | |
|---|---|---|---|
| **Sentenced To:** | ◼ TDOC | ☐ County Jail | ☐ Workhouse |

Sentence Length: 15 Years ___ Months ___ Days ___ Hours ☐Life ☐Life w/out Parole ☐Death

Mandatory Minimum Sentence Length: ___ 39-17-417, 39-13-513, 39-13-514, or 39-17-432 in Prohibited Zone *or* ___ 55-10-401 DUI 4ᵗʰ Offense

*or* ___ 39-17-1324 Possession/Employment of Firearm *or* ___ 40-39-208, -211 Violation of Sex Offender Registry

Period of incarceration to be served prior to release on probation or Community Corrections: ___ Months ___ Days ___ Hours

Minimum service prior to eligibility for work release, furlough, trusty status and rehabilitation programs: ___ % (Misdemeanor Only)

**Alternative Sentence:** ☐Sup Prob ☐Unsup Prob ☐Comm Corr (CHECK ONE BOX) ___ Years ___ Months ___ Days Effective: _____

WAS DRUG COURT ORDERED AS A CONDITION OF THE ALTERNATIVE SENTENCE? ☐ Yes ☐ No

| Court Ordered Fees and Fines: | Costs to be Paid by | | |
|---|---|---|---|
| $ _____ Court Costs | Defendant | State | **Restitution:** Victim Name _____ |
| $ _____ Fine Assessed | | | Address _____ |
| $ _____ Traumatic Brain Injury Fund (68-55-301 et seq.) | | | |
| $ _____ Drug Testing Fund (TN Drug Control Act) | | | Total Amount $ _____ Per Month $ _____ |
| $ _____ CICF   $ _____ Sex Offender Tax | | | |
| $ _____ Other: | | | ☐ Unpaid Community Service: ___ Hours ___ Days ___ Weeks ___ Months |

◼ The Defendant having been found guilty is rendered infamous and ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-521 the defendant is ordered to provide a biological specimen for the purpose of HIV testing.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.
☐ Pursuant to Title 68, Chapter 11, Part 10, the clerk shall forward this judgment to the Department of Health.

**Special Conditions**     Def Resentence 10-3-14

| | | |
|---|---|---|
| James C. Beasley, Jr. | *James C Beasley* | 10/3/14 |
| Judge's Name | Judge's Signature | Date of Entry of Judgment |
| | | |
| Counsel for State/Signature (optional) | Defendant/Defendant's Counsel/Signature (optional) | |

I _____ certify that this is a true and accurate copy of the original judgment as filed in my office this ___ day of _____, 20 ___. No signature is necessary if the judgment is a certified copy or the party or parties who did not provide a signature above.

CR-3419 (Rev. 7/1/13)

You are hereby commanded to take the body of the defendant, herein named, it to be found in our County Jail of Shelby County, Tennessee, thereafter to execute the Judgment of the Court according to the sentence imposed as shown on the attached Judgment, or until said defendant be otherwise discharged according to the law.

Be it further noted that the defendant has currently pending in the Criminal Courts of Shelby County, Tennessee, the following indictments being still subject to the orders of this Court.

| INDICTMENT | COURT DIVISION | OFFENSE |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

WITNESS, KEVIN P. KEY, Clerk of the Criminal Court of Shelby County, Tennessee, at office in Memphis, Tennessee.

State of Tennessee
COUNTY OF SHELBY

I, KEVIN P. KEY, Clerk of the Criminal Court of Shelby County, Tennessee, do hereby certify that the above said and attached Judgment is a true and perfect transcript of Judgment and currently pending indictments in the matter of the State of Tennessee vs. the herein named defendant and indictments as they appear in my office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of this Court, at office, in the City of Memphis, Tennessee, this the 19 day of NOV , 20 14 .

RECORD & IDENTIFICATION NUMBER
103531

KEVIN P. KEY, CLERK

BY: C. Catron

DOCKET NUMBERS: _____

are over/under conviction (s) to Shelby County Jail/S.C.C.C/Penitentiary for a period of _____

ORDERS ATTACHED TO JUDGMENT:

ORd Overruling motion for new trial 11-13/4

**IN THE CRIMINAL/CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE**

Case Number: 09-02888    Count # 1    Attorney for the State: A. Spinetti

Judicial District: 30th    Judicial Division: 10    Counsel for Defendant: Rosy White

**State of Tennessee**
vs.                                          ☐ Retained  ☐ Appointed  ☑ Public Defender
Defendant: Michael Bailey                    ☐ Counsel Waived  ☐ Pro Se
Alias:

Date of Birth: 6-20-69    Sex: M    Race: B    SSN: 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

Indictment Filing Date: 4-30-09    TDOC # _____    State Control # _____

State ID # _____    County Offender ID # 103531

## JUDGMENT

☑ Original    ☐ Amended    ☐ Corrected

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.
On the 25 day of Jan 2000, the defendant:

| | |
|---|---|
| ☑ Pled Guilty    ☐ Dismissed/Nolle Prosequi | Indictment: Class (circle one) 1st A B C D E    ☑ Felony  ☐ Misdemeanor |
| ☐ Nolo Contendere    ☐ Retired/Unapprehended Defendant | Offense: Agg. Robbery |
| ☐ Guilty Plea – Pursuant to 40-35-313 | Amended Charge: _____ |
| | Offense Date: 10-14-2008    County: Shelby |
| Is found:    ☐ Guilty    ☐ Not Guilty | Conviction Offense: Agg Robbery |
| ☐ Jury Verdict    ☐ Not Guilty by Reason of Insanity | Is this conviction offense methamphetamine related?  ☐ Yes  ☑ No |
| ☐ Bench Trial | TCA #: 39-13-402    Sentence Imposed Date: 1-25-10 |
| | Conviction: Class (circle one) 1st A B C D E    ☑ Felony  ☐ Misdemeanor |

After considering the evidence, the entire record, & all factors in T.C.A. Title 40 Chapter 35, all of which are incorporated by reference herein, the Court's findings & rulings are:

**Sentence Reform Act of 1989**

| Offender Status (Check One) | Release Eligibility (Check One) | | Concurrent with: 09-0287, 89, 90, 91 | Pretrial Jail Credit Period(s): |
|---|---|---|---|---|
| ☐ Mitigated | ☐ Mitigated 20% | ☐ Multiple Rapist 100% | 92, 93 | From 12-8-08 to 1-25-10 |
| ☐ Standard | ☐ Mitigated 30% | ☐ Child Rapist 100% | | |
| ☐ Multiple | ☐ Standard 30% | ☐ Repeat Violent 100% | **Consecutive to:** | From ____ to ____ |
| ☐ Persistent | ☐ Multiple 35% | ☐ Child Predator 100% | | |
| ☑ Career | ☐ Persistent 45% | ☐ 1st Degree Murder | | From ____ to ____ |
| ☐ Repeat Violent | ☑ Career 60% | ☐ Drug Free Zone | | |
| | ☐ Violent 100% | ☐ Gang Related | | From ____ to ____ |

**Sentenced To:** ☑ TDOC    ☐ County Jail    ☐ Workhouse

**Sentence Length:** 30 Years ___ Months ___ Days ___ Hours ___ Weekends  ☐ Life  ☐ Life w/out Parole  ☐ Death

Mandatory Minimum Sentence Length: _____ 39-17-417, 39-13-513, 39-13-514 in Drug Free Zone or _____ 55-10-401 DUI 4th Offense
or _____ 39-17-1324 Possession/Employment of Firearm

Period of incarceration to be served prior to release on probation: ___ Months ___ Days ___ Hours ___ Weekends

Minimum service prior to eligibility for work release, furlough, trusty status and rehabilitation programs: ___ % (Misdemeanor Only)

**Alternative Sentence:** ☐ Probation  ☐ Diversion  ☐ Drug Court  ☐ Community Based Alternative - Specify _____
___ Years ___ Months ___ Days    Effective: _____

| Court Ordered Fees and Fines: | Cost to be Paid by | Restitution: Victim Name _____ |
|---|---|---|
| $____ Court Costs | ☑ Defendant  ☐ State | Address _____ |
| $____ Fine Assessed | | |
| $____ Traumatic Brain Injury Fund (Drag Racing) | | |
| $____ Drug Testing Fund (TN Drug Control Act) | | Total Amount $____    Per Month $____ |
| $____ CICF    $____ Sex Offender Tax | | |
| $____ Other: | | ☐ Unpaid Community Service: ___ Hours ___ Days ___ Weeks ___ Months |

☑ The Defendant having been found guilty is rendered infamous and ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-521 the defendant is ordered to provide a biological specimen for the purpose of HIV testing.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

**Special Conditions**

Jail Fees Waived

James C. Beasley, Jr.
Judge's Name

Judge's Signature    1-25-10    Date of Entry of Judgment

Attorney for State/Signature (optional)    Defendant/Defendant's Attorney/Signature

CC7-11

CR-3419 (Rev.1/08)  RDA 1167

1(2)

You are hereby commanded to take the body of the defendant, herein named, it to be found in your County Jail of Shelby County, Tennessee, thereafter to execute the Judgment of the Court according to the sentence imposed as shown on the attached Judgment, or until said defendant be otherwise discharged according to the law.

Be it further noted that the defendant has currently pending in the Criminal Courts of Shelby County, Tennessee, the following indictments being still subject to the orders of this Court.

| INDICTMENT | COURT DIVISION | OFFENSE |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

WITNESS, WILLIAM R. KEY, Clerk of the Criminal Court of Shelby County, Tennessee, at office in Memphis, Tennessee.

State of Tennessee
COUNTY OF SHELBY

I, WILLIAM R. KEY, Clerk of the Criminal Court of Shelby County, Tennessee, do hereby certify that the above said and attached Judgment is a true and perfect transcript of Judgment and currently pending indictments in the matter of the State of Tennessee vs. the herein named defendant and indictments as they appear in my office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of this Court, at office, in the City of Memphis, Tennessee, this the 25 day of _____, 20 10

RECORD & IDENTIFICATION NUMBER    160591

WILLIAM R. KEY, CLERK

BY: _____

DOCKET NUMBERS: _____

are over/under conviction (s) to Shelby County Jail/S.C.C.C/Penitentiary for a period of _____

ORDERS ATTACHED TO JUDGMENT: _____

2(2)

# IN THE CRIMINAL/CIRCUIT COURT FOR _____ SHELBY _____ COUNTY, TENNESSEE

Case Number: 09 02889    Count #   1    Counsel for the State:   Stacy McEndree

Judicial District:   30th    Judicial Division:   10    Counsel for the Defendant:   Taylor Eskridge

**State of Tennessee**    ☐ Retained ☐ Pub Def Appt ☒ Private Atty Appt

vs.    ☐ Counsel Waived ☐ Pro Se

Defendant: MICHAEL BAILEY    Alias: _____    Date of Birth: 06/20/1969   Sex: M

Race: B    SSN: XXX-XX-9529    Driver License #: _____    Issuing State: _____

State ID #: _____    County Offender ID # (if applicable): 000103531    TOMIS/TDOC #: _____

Relationship to Victim: _____    Victim's Age: _____

State Control #: 790009614699    Arrest Date: _____    Indictment Filing Date: 04/30/2009

## JUDGMENT   ☒ Original   ☐ Amended   ☐ Corrected

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the ~~5th~~ 3 day of ~~May~~ October , 20 2014 , the defendant:

| | |
|---|---|
| ☒ Pled Guilty   ☐ Dismissed/Nolle Prosequi | **Indictment:** Class (circle one) 1st A ⓑ C D E   ☒ Felony ☐ Misdemeanor |
| ☐ Pled Nolo Contendere | Indicted Offense Name AND TCA §: 39-13-402 AGGRAVATED ROBBERY |
| ☐ Pled Guilty – Certified Question Findings Incorporated by Reference | Amended Offense Name AND TCA §: _____ |
| | Offense Date: 10/15/2008    County of Offense: SHELBY |
| Is found: ☐ Guilty ☐ Not Guilty | Conviction Offense Name AND TCA §: 39-13-402 AGG ROBB |
| ☐ Jury Verdict ☐ Not Guilty by Reason of Insanity | **Conviction:** Class (circle one) 1st A ⓑ C D E   ☒ Felony ☐ Misdemeanor |
| ☐ Bench Trial | Is this conviction offense methamphetamine related? ☐ Yes ☒ No |
| | Sentence Imposed Date: _____ |

After considering the evidence, the entire record, and in the case of sentencing, all factors in Tennessee Code Annotated Title 40, Chapter 35, all of which are incorporated by reference herein, it is ORDERED and ADJUDGED that the conviction described above is imposed hereby and that a sentence and costs are imposed as follows:

| Offender Status (Check One) | Release Eligibility (Check One) | | Concurrent with: | Pretrial Jail Credit Period(s): |
|---|---|---|---|---|
| ☐ Mitigated | ☐ Mitigated 20% ☐ Agg Rob w/Prior 100% | ☐ 1st Degree Murder | | From 7-13-09 to 1-25-10 |
| ☐ Standard | ☐ Mitigated 30% ☐ Multiple Rapist 100% | ☐ Drug Free Zone | | From ____ to ____ |
| ☐ Multiple | ☐ Standard 30% ☐ Child Rapist 100% | ☐ Gang Related | | From ____ to ____ |
| ☐ Persistent | ☐ Multiple 35% ☐ Child Predator 100% | | Consecutive to: | From ____ to ____ |
| ☐ Career | ☐ Persistent 45% ☐ Agg Rapist 100% | | 0902888 | From ____ to ____ |
| ☒ Repeat Violent | ☐ Career 60% ☐ Mult 39-17-1324 100% | | | |
| | ☐ Agg Rob 85% ☐ Att 1st Degree Murder w/SBI 85% | | | |
| | ☐ Violent 100% ☐ Agg Child Neglect/Endangerment 70% | | | |
| | ☒ Repeat Viol 100% ☐ Agg Assault w/Death 75% | | | |

**Sentenced To:** ☒ TDOC   ☐ County Jail   ☐ Workhouse

**Sentence Length:** ____ Years ____ Months ____ Days ____ Hours   ☐Life ☒Life w/out Parole ☐Death

Mandatory Minimum Sentence Length: ____ 39-17-417, 39-13-513, 39-13-514, or 39-17-432 in Prohibited Zone or ____ 55-10-401 DUI 4th Offense
or ____ 39-17-1324 Possession/Employment of Firearm or ____ 40-39-208, -211 Violation of Sex Offender Registry
Period of incarceration to be served prior to release on probation or Community Corrections: ____ Months ____ Days ____ Hours
Minimum service prior to eligibility for work release, furlough, trusty status and rehabilitative programs: ____ % (Misdemeanor Only)

**Alternative Sentence:** ☐Sup Prob ☐Unsup Prob ☐Comm Corr (CHECK ONE BOX) ____ Years ____ Months ____ Days Effective: ____

WAS DRUG COURT ORDERED AS A CONDITION OF THE ALTERNATIVE SENTENCE? ☐ Yes ☐ No

| Court Ordered Fees and Fines:    Costs to be Paid by | Restitution: Victim Name _____ |
|---|---|
| $ ____ Court Costs    Defendant    State | Address _____ |
| $ ____ Fine Assessed | _____ |
| $ ____ Traumatic Brain Injury Fund (68-55-301 et seq.) | |
| $ ____ Drug Testing Fund (TN Drug Control Act) | Total Amount $ ____    Per Month $ ____ |
| $ ____ CICF    ____ Sex Offender Tax | |
| $ ____ Other: _____ | ☐ Unpaid Community Service: ____ Hours ____ Days ____ Weeks ____ Months |

☒ The Defendant having been found guilty is rendered infamous and ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-521 the defendant is ordered to provide a biological specimen for the purpose of HIV testing.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.
☐ Pursuant to Title 68, Chapter 11, Part 10, the clerk shall forward this judgment to the Department of Health.

**Special Conditions**

*Deft Resentence 10-3-14*

| James C. Beasley, Jr. | _James C. Beasley_ | 10/3/14 |
|---|---|---|
| Judge's Name | Judge's Signature | Date of Entry of Judgment |

_____ Counsel for State/Signature (optional)      _____ Defendant/Defendant's/Counsel's Signature (optional)

I _____, clerk, hereby certify that before entry by the court, a copy of this judgment was made available to the party or parties who did not provide a signature.

CR-3419 (Rev. 7/1/13)      RDA 1167

You are hereby commanded to take the body of the defendant, herein named, it to be found our County Jail of Shelby County, Tennessee, thereafter to execute the Judgment of the Court according to the sentence imposed as shown on the attached Judgment, or until said defendant be otherwise discharged according to the law.

Be it further noted that the defendant has currently pending in the Criminal Courts of Shelby County, Tennessee, the following indictments being still subject to the orders of this Court.

| INDICTMENT | COURT DIVISION | OFFENSE |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

WITNESS, KEVIN P. KEY, Clerk of the Criminal Court of Shelby County, Tennessee, at office in Memphis, Tennessee.

State of Tennessee
COUNTY OF SHELBY

I, KEVIN P. KEY, Clerk of the Criminal Court of Shelby County, Tennessee, do hereby certify that the above said and attached Judgment is a true and perfect transcript of Judgment and currently pending indictments in the matter of the State of Tennessee vs. the herein named defendant and indictments as they appear in my office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of this Court, at office, in the City of Memphis, Tennessee, this the 14 day of Nov. , 20 14 .

RECORD & IDENTIFICATION NUMBER
103531

KEVIN P. KEY, CLERK

BY: C. Catron

DOCKET NUMBERS: _____

_____

are over/under conviction (s) to Shelby County Jail/S.C.C.C/Penitentiary for a period of _____

_____

ORDERS ATTACHED TO JUDGMENT:

Ord overruling motion for new trial 11-13-14

Exhibit (F-2)

IN THE CRIMINAL/CIRCUIT COURT FOR _____ SHELBY _____ COUNTY, TENNESSEE

Case Number: 09 02890    Count # ___1___    Counsel for the State: Stacy McEndree
Judicial District: ___30th___ Judicial Division: ___10___ Counsel for the Defendant: Taylor Eskridge
**State of Tennessee**    ☐ Retained ☐ Pub Def Appt ☒ Private Atty Appt
vs.    ☐ Counsel Waived ☐ Pro Se
Defendant: MICHAEL BAILEY _____ Alias: _____ Date of Birth: 06/20/1969 Sex: M
Race: ___B___ SSN: XXX-XX-9529 Driver License #: _____ Issuing State: _____
State ID #: _____ County Offender ID # (if applicable): 000103531 TOMIS/TDOC #: _____
Relationship to Victim: _____ Victim's Age: _____
State Control #: 790009614699 Arrest Date: _____ Indictment Filing Date: 04/30/2009

**JUDGMENT**   ☒ Original   ☐ Amended   ☐ Corrected

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.
On the 19th 3 day of ~~May~~ October, 20 2014, the defendant:

☒ Pled Guilty   ☐ Dismissed/Nolle Prosequi
☐ Pled Nolo Contendere
☐ Pled Guilty – Certified Question Findings Incorporated by Reference

Is found:   ☐ Guilty   ☐ Not Guilty
☐ Jury Verdict   ☐ Not Guilty by Reason of Insanity
☐ Bench Trial

Indictment: Class (circle one)   1st   A   **X**   C   D   E    ☒ Felony ☐ Misdemeanor
Indicted Offense Name AND TCA §: 39-13-402 AGGRAVATED ROBBERY
Amended Offense Name AND TCA §: _____
Offense Date: 10/17/2008    County of Offense: SHELBY
Conviction Offense Name AND TCA §: 39-13-402 AGG ROBBERY
Conviction: Class (circle one)   1st   A   **X**   C   D   E    ☒ Felony ☐ Misdemeanor
Is this conviction offense methamphetamine related?   ☐ Yes ☒ No
Sentence Imposed Date: _____

After considering the evidence, the entire record, and in the case of sentencing, all factors in Tennessee Code Annotated Title 40, Chapter 35, all of which are incorporated by reference herein, it is ORDERED and ADJUDGED that the conviction described above is imposed hereby and that a sentence and costs are imposed as follows:

| Offender Status (Check One) | Release Eligibility (Check One) | | Concurrent with: | Pretrial Jail Credit Period(s): |
|---|---|---|---|---|
| ☐ Mitigated | ☐ Mitigated 20% | ☐ Agg Rob w/Prior 100% | ☐ 1st Degree Murder | 0902889 |
| ☐ Standard | ☐ Mitigated 30% | ☐ Multiple Rapist 100% | ☐ Drug Free Zone | From 7-13-09 to 1-25-10 |
| ☐ Multiple | ☐ Standard 30% | ☐ Child Rapist 100% | ☐ Gang Related | From ___ to ___ |
| ☐ Persistent | ☐ Multiple 35% | ☐ Child Predator 100% | | |
| ☐ Career | ☐ Persistent 45% | ☐ Agg Rapist 100% | Consecutive to: | From ___ to ___ |
| ☒ Repeat Violent | ☐ Career 60% | ☐ Mult 39-17-1324 100% | | From ___ to ___ |
| | ☐ Agg Rob 85% | ☐ Att 1st Degree Murder w/SBI 85% | | From ___ to ___ |
| | ☐ Violent 100% | ☐ Agg Child Neglect/Endangerment 70% | | |
| | ☒ Repeat Viol 100% | ☐ Agg Assault w/Death 75% | | |

Sentenced To:   ☒ TDOC   ☐ County Jail   ☐ Workhouse
Sentence Length: ____Years ____Months ____Days ____Hours ☐Life ☐Life w/out Parole ☐Death
    Mandatory Minimum Sentence Length: ____ 39-17-417, 39-13-513, 39-13-514, or 39-17-432 in Prohibited Zone or ____ 55-10-401 DUI 4th Offense
    or ____ 39-17-1324 Possession/Employment of Firearm or ____ 40-39-208, -211 Violation of Sex Offender Registry
    Period of incarceration to be served prior to release on probation or Community Corrections: ____Months ____Days ____Hours
    Minimum service prior to eligibility for work release, furlough, trusty status and rehabilitative programs: ____% (Misdemeanor Only)
Alternative Sentence: ☐Sup Prob ☐Unsup Prob ☐Comm Corr (CHECK ONE BOX) ____Years ____Months ____Days Effective: ____
       WAS DRUG COURT ORDERED AS A CONDITION OF THE ALTERNATIVE SENTENCE? ☐ Yes ☐ No

| Court Ordered Fees and Fines: | Costs to be Paid by | |
|---|---|---|
| $_____ Court Costs | ☒ Defendant | State |
| $_____ Fine Assessed | | |
| $_____ Traumatic Brain Injury Fund (68-55-301 et seq.) | | |
| $_____ Drug Testing Fund (TN Drug Control Act) | | |
| $_____ CICF   $_____ Sex Offender Tax | | |
| $_____ Other: | | |

Restitution: Victim Name _____
Address _____
Total Amount $_____ Per Month $_____
☐ Unpaid Community Service: ____Hours ____Days ____Weeks ____Months

☒ The Defendant having been found guilty is rendered infamous and ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-521 the defendant is ordered to provide a biological specimen for the purpose of HIV testing.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.
☐ Pursuant to Title 68, Chapter 11, Part 10, the clerk shall forward this judgment to the Department of Health.

**Special Conditions**

Deft Resentered 10-3-14

James C. Beasley, Jr.     James C. Beasley     10/3/14
Judge's Name         Judge's Signature         Date of Entry of Judgment

_____ Counsel for State/Signature (optional)        Defendant/Defendant's Counsel/Signature (optional)

I _____ clerk, hereby certify that before entry by the court of this judgment, I served a copy to the party or parties who did not provide a signature above.
CR-3419 (Rev. 7/1/13)

You are hereby commanded to take the be ~ of the defendant, herein named, it to be found ~ ~ ur County Jail of Shelby County, Tennessee, thereafter to execute the Judg~~~t of the Court according to the sentence impose~ as shown on the attached Judgment, or until said defendant be otherwise discharged according to the law.

Be it further noted that the defendant has currently pending in the Criminal Courts of Shelby County, Tennessee, the following indictments being still subject to the orders of this Court.

| INDICTMENT | COURT DIVISION | OFFENSE |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

WITNESS, KEVIN P. KEY, Clerk of the Criminal Court of Shelby County, Tennessee, at office in Memphis, Tennessee.

State of Tennessee
COUNTY OF SHELBY

I, KEVIN P. KEY, Clerk of the Criminal Court of Shelby County, Tennessee, do hereby certify that the above said and attached Judgment is a true and perfect transcript of Judgment and currently pending indictments in the matter of the State of Tennessee vs. the herein named defendant and indictments as they appear in my office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of this Court, at office, in the City of Memphis, Tennessee, this the __ day of _____ Nov _____, 20 __ .

RECORD & IDENTIFICATION NUMBER
103557

KEVIN P. KEY, CLERK

BY: C. Catron

DOCKET NUMBERS: _____

_____

are over/under conviction (s) to Shelby County Jail/S.C.C.C/Penitentiary for a period of _____

_____

ORDERS ATTACHED TO JUDGMENT:

Ord overruling motion for new trial 11-13-14

_____

_____

# Paupers Oath

I hereby, DO Solemnly Swear, that Owing
to my Poverty, I am Not able to bear
The Expense of the Action Which I am
About to Commence, and that I am
Justly Entitled to the Relief Sought to the
Best of my Knowledge and belief, Executed on
21 day of February, 2022.

Signature's

Micheal B. Bailey #221117

Michael B. Bailey #221117
R.M.S.I
7475 Cockrill Bend Blvd.
Nashville, Tn. 37209

RECEIVED
FEB 23 2022
RMSI MAILROOM
OUTGOING LEGAL

U.S. District Court
Middle District
Clerk of The Court
801 Broadway R.m. 800
U.S. Courthouse
Nashville, Tn. 37203

